### VARNER *v.* THE STATE.

FISH, C. J.   1. The court instructed the jury, "that threats, menaces, or contemptuous gestures would not be sufficient to reduce a killing below the grade of murder—if it was merely gestures or threats or contemptuous language.  If you believe in this case that the defendant shot and killed the deceased merely on account of words, threats, menaces, or contemptuous gestures, if that was the only provoking cause, the court charges you that would not reduce the crime below the grade of murder." The only assignment of error upon this instruction, referred to in the brief of counsel for plaintiff in error, is that such charge "was manifest error according to the law laid down in the *Cumming* case, 99 *Ga.* 662" (27 S. E. 177), and that it was for the jury to say whether such provocation in this case was sufficient to arouse the fears of a reasonable man.  Such assignment of error was not meritorious.

2. In view of the evidence in this case, as well as the statement of the accused to the jury, it was not hurtful to him for the judge, while instructing the jury on the subject of voluntary manslaughter, to fail to inform them that in all cases it is for the jury to determine whether there has been an interval between the assault or provocation given, and the homicide, sufficient for the voice of reason and humanity to be heard.

3. A further instruction was:   "Now a man can not defend himself by simply coming before a jury and saying, 'I really believed my life was in danger,' unless he can show he had some good reason for believing his life was in danger."   This instruction was not erroneous on the ground that "it was an expression of opinion by the court that the defendant did not have sufficient cause for believing that his life was in danger when he killed the deceased."

4. Complaint was made of the following instruction:   "I charge you, gentlemen, so far as the doctrine of self-defense is concerned, the defendant would be authorized to protect his sister just to the same extent he would be authorized to protect himself, and no further, and the same rules would apply to any protection that he undertook to offer to his sister that would apply to himself; that is to say, if he acted from any motive of self-defense, it must appear his actions at that time were necessary to prevent a serious bodily harm to her, amounting to a felony."   The contention was that this charge "narrowed the defendant's right to defend his sister to a time when the danger was apparent, when the law gives a man a right to defend his sister if he acts in good faith and believes that her life is in danger, although it may turn out afterwards that his sister was in no danger at all."

In view·of the charge given in connection with the law of self-defense, as to reasonable fears, and as to an apparent danger being equivalent to a real danger, the instruction, if error at all, was not hurtful to the accused, as there was nothing in the evidence or in the statement of the accused indicating that the decedent, at the time he was killed or at any other time, attempted to commit any bodily harm upon the person of the sister of the accused.

5. The court did not err in failing to give in charge the following sections of the Penal Code: "§ 74. Parents and children may mutually protect each other, and justify the defense of the person or reputation of each other. § 75. All other instances which stand upon the same footing of reason and justice as those enumerated shall be justifiable homicide." In so far as these sections were at all applicable, their substance was sufficiently given in the general charge.

6. The verdict was authorized by the evidence, and the court did not err in refusing a new trial.

  *Judgment affirmed. Beck, J., absent. The other Justices concur.*
     MARCH 13, 1913.

Indictment for murder. Before Judge Mathews. Crawford superior court. January 3, 1913.

*John R. Cooper,* for plaintiff in error. *T.·S. Felder,* attorney-general, and *John P. Ross, solicitor-general,* contra.