## KNIGHT *v.* THE STATE.

1. Where an indictment alleged that the accused killed a woman by shooting her with "a certain pistol and with a certain rifle," it was not error to overrule a demurrer based on the ground that the homicide was charged as committed with two different instruments alleged conjunctively, that it is physically impossible to kill a person with a gun and a pistol at the same time, and that one of them alone must have produced the death.   *Walker .v. State,* 141 *Ga.* 525 (81 S. E. 442), and authorities cited.

2. An objection to evidence as a whole is not good if a part of it is not subject to the objection as presented.   *Park* v. *State,* 126 *Ga.* 575 (5) (55 S. E. 489), and authorities cited.   The court permitted a witness for the State to testify that the accused, seven or eight months previously, "showed me a sign and told me if I would go over there and tell anything on him he would kill me.   It was a long time before anything ever happened.   He said, if he would do anything and I would be with him and I was to tell it, he would kill me.   I was sworn not to tell."   The grounds of objection were, that the testimony was a conclusion, and that "the same was incompetent for the reason that her understanding of the sign and her mental condition could not bind the defendant."   The testimony was not inadmissible for the reasons assigned, but was clearly admissible when taken in connection with other testimony of the same witness, viz.: that she saw the defendant on

the day after the homicide, and he repeated to her the substance of the threat, saying if anything happened he would kill her, and if he did not his friends would; also that shortly before the killing, when the accused was beating the deceased, he told the witness that "if anything were to happen I had better not tell, or he would get me, and if not, his friends would."

3. A complaint, in a motion for new trial, of a failure of the court to charge the jury "in reference to manslaughter" can not be ruled on. A valid assignment of error must be complete in itself; and it is essential that such ground of the motion indicate the degree of manslaughter, whether voluntary or involuntary. *Smith* v. *State*, 125 *Ga.* 300 (54 S. E. 124). Compare *Burney* v. *State*, 142 *Ga.* 812 (83 S. E. 937).

4. The court did not err in permitting a witness for the State to testify, "I told him, one night when we was on the way to Will's house, that I thought Alice had been killed; and he said he didn't believe it," this being responsive to a question by counsel for the defendant, the only objection being that the testimony was a "voluntary statement" of the witness. *Stiles* v. *State*, 57 *Ga.* 183 (3).

5. The motion for new trial complains that the court instructed the jury as follows: "The degree, gentlemen, of conviction that is required to be carried to your minds as to the material allegations made in the bill of indictment is that you are satisfied from the facts of the case, and they have been shown and established beyond a reasonable doubt; and it makes no difference whether that degree of conviction is carried to your minds by direct or positive testimony, or whether it is carried there by circumstantial evidence. If you have that degree of conviction on your minds, then you are authorized to find in accordance with that conviction. If that degree of conviction is not carried to your mind, if these material allegations have not been shown to that extent, then you have a reasonable doubt on your mind of the defendant's guilt, and it would be your duty to acquit him." The criticism is that the court erred "in instructing the jury that that degree of conviction in their minds on all material allegations only had to be shown and established by the State 'beyond a reasonable doubt,' whereas the true rule of law is that all material facts must be proven not only to the exclusion of every doubt, but it must exclude every other reasonable hypothesis save that of the guilt of the accused." The charge of the court so excepted to was not error, it appearing that the court instructed the jury fully and fairly on the law in regard to cases depending entirely upon circumstantial evidence. Penal Code, §§ 1010, 1013; *McNaughton* v. *State*, 136 *Ga.* 612 (71 S. E. 1038).

6. Complaint is made that the court refused a request to give in charge the following: "In case of doubt good character should preponderate in favor of innocence, especially where life is involved. If you should be doubtful in your minds as to the guilt of this defendant of the charge preferred, then I charge you, under the foregoing rule of law just given you, that it would be your duty to acquit this defendant." It was not error to refuse this request. The court had already instructed the jury correctly and fully in regard to evidence of the good character of the

accused, informing them that good character, whenever shown, may of itself generate in the minds of the jury a reasonable doubt of the guilt of the accused; which was more favorable to the accused than was the requested instruction in so far as the latter is legal. The defendant in all criminal cases has the right to offer testimony in regard to his good character, and there is no provision by which it shall have any especial effect where life is involved; even though expressions may have been used by text-writers or judges, as a matter of comment upon the subject, indicating the especial value of good character where life is involved. This does not make such expressions appropriate for charge to the jury.

7. The evidence, though circumstantial, was sufficient to satisfy the jury that the defendant was guilty of the charge; and the trial judge, who, like the jury, saw the witnesses and heard their testimony, approved the verdict. We can not say the verdict was unauthorized.

No. 770. APRIL 11, 1918.

Indictment for murder. Before Judge Littlejohn. Macon superior court. December 19, 1917.

Will Knight was indicted for the murder of Alice Hooten, the indictment alleging that the killing was done with a pistol and a rifle on August 1, 1917. The case was dependent upon circumstantial evidence. The State's evidence showed substantially that the accused, on the afternoon of the date named, was seen with a small rifle and a pistol, and was heard to say that he carried the rifle for a sham, but the pistol for "devilment." He was seen near the woods where the body of the deceased was found, in company with the deceased and Lizzie Hilsman. The latter swore that the accused then and there beat the deceased and threatened to kill her, from jealousy of a named man, "if it was the last thing he ever did." During the beating the deceased hit the accused in the face, and the witness left them fighting. Two bullet wounds were in the body when found, one apparently smaller than the other; and the smaller wound, in the opinion of the physician, produced death. Various witnesses testified as to seeing the accused going to and coming from the direction of the woods. There was evidence of his washing his hands in a pool of water near the place of the killing, and hiding a bundle; but there were inconsistencies and contradictions in regard to this. The accused introduced a number of witnesses who testified to his good character. He and the deceased were each married, but the deceased was living separately from her husband. Lizzie Hilsman swore, at the coroner's inquest, that the accused had nothing to do with the

killing, which was contradictory to her evidence on the trial in the superior court. There was testimony to the effect that just before the killing the accused stated to the witness that if anything should happen and she told on him, he or his friends would kill her. She assigned as a reason for the contradiction that she was in bodily fear of her life, should she testify the truth, by reason of the threats on the part of the accused. The jury returned a verdict of guilty, with a recommendation of life imprisonment. The defendant's motion for a new trial was overruled, and he excepted.

Hatcher & Smith and Jule Felton, for plaintiff in error.

Clifford Walker, attorney-general, John A. Fort, solicitor-general, and M. C. Bennet, contra.

GILBERT, J. (After stating the foregoing facts.) None of the rulings made in the headnotes require discussion, except that one dealing with the sufficiency of the evidence. It is insisted by counsel for the plaintiff in error that the mere fact that the accused on the day of the homicide carried the rifle on his person in the presence of so many witnesses was sufficient, on the ground of unreasonableness, to negative the theory of preparation to commit the crime. It is argued that such is unbelievable of a person shown to be of good character and with no charge of insanity. The same argument was made in the case of Tatum v. State, 59 Ga. 638, and the reply found in the opinion at page 640, by Bleckley, J., leaves nothing to be added: "Men, even when their ends are wise and virtuous, do not always select the best means at their command. There is no presumption that those having foolish and wicked ends in view are either more discreet or more fortunate. It is a great blunder to engage in crime at all, and how many subordinate or secondary blunders may occur in the course of a criminal transaction is matter of much uncertainty." It was argued in that case that there was nothing to engender malice, that there had been no dispute, and that the object of the slayer might have been attained with greater security in another manner. To this Judge Bleckley replied: "But this is to suppose the prisoner guided by correct reasoning, when the strong probability is that he was guided by false reasoning. He acted like a fool, and it is altogether unlikely that he reasoned like a philosopher. His mind went astray, and who can follow it?" The evidence of the defendant's guilt in this case, if credible, is ample. The jury and

the trial judge were in much better position to determine the credibility of witnesses, and therefore the truth of the issue, than this court; and it is a long-established rule, founded upon unanswerable reason, that we will not set aside a verdict on the ground that the evidence is insufficient, unless it is apparent that the trial judge has abused his discretion in approving the verdict.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*