### 16174.   WALKER *v.* THE STATE.

BLOODWORTH, J. 1. The court having charged the jury that, "to warrant a conviction on circumstantial evidence, the proved facts must not only

be consistent with the hypothesis of guilt, but must exclude every other hypothesis save that of the guilt of the accused" (Penal Code of 1910, § 1010), it was not necessary to give this instruction again in connection with the instruction, given in another part of the charge of the court, that if, upon a consideration of the case, the jury believed beyond a reasonable doubt that the defendant was guilty, it was their duty to find him guilty. There is no merit in the ground of the motion for a new trial in which it is contended that the former instruction should have been given in immediate connection with the latter for the reason that, "the State having to rely in this case entirely upon circumstantial evidence for a conviction, the charge should not have been so far as to overshadow, minimize, or distract from the attention of the jury the rule of law applicable to circumstantial evidence." See *Buckhanon* v. *State*, 151 *Ga.* 827 (4) (108 S. E. 209); *McNaughton* v. *State*, 136 *Ga.* 612 (2) (71 S. E. 1038); *Knight* v. *State*, 148 *Ga.* 41 (5) (95 S. E. 679); *Copeland* v. *State*, 33 *Ga. App.* 150 (2) (125 S. E. 781).

2. In *Buchanan* v. *State*, 118 *Ga.* 751 (45 S. E. 607), the court said: "Where a ground of a motion for a new trial complained that a member of the jury which convicted the accused was related by consanguinity to the prosecutrix within the prohibited degrees, which fact had been discovered by the accused since the trial, and upon the hearing of the motion affidavits were introduced to support this ground, and the State introduced affidavits to the effect that no such relationship existed, this court will not interfere with a finding by the trial judge, upon the issue of fact thus made, adverse to the contention of the accused." The facts in the case under consideration are so very much like those in the case cited that the ruling therein is controlling on this point.

3. This court can not say, as a matter of law, that there is no evidence to support the finding of the jury; and as the verdict has the approval of the trial judge and no error of law was committed on the trial, this court is powerless to interfere.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED MARCH 27, 1925.

Indictment for larceny of hogs; from Atkinson superior court—Judge Graham presiding.   October 18, 1924.

*R. A. Hendricks,* for plaintiff in error.