21144. DENT *v.* THE STATE.

DECIDED APRIL 1, 1931.

*L. J. Courson, Elsie Courson, E. R. Smith,* for plaintiff in error.
*William Story, solicitor, J. H. Gary,* contra.

LUKE, J. The accusation charges that W. O. Dent "did . . draw and utter a check on the First Bank of Nashville for the sum of $8.35 in favor of J. L. Harris when neither W. O. Dent nor Mrs. W. O. Dent had in said bank sufficient funds to meet said check, and thereby cheated and defrauded said J. L. Harris out of the sum of $8.35." The defendant was convicted, and he excepts to the judgment overruling his motion for a new trial.

It appears from the record that the said check was payable to the order of J. L. Harris, and signed "Mrs. W. O. Dent, by W. O. Dent." Mrs. J. L. Harris testified: that the defendant and his daughter "drove up to the store here in Nashville" on August 17, 1929, and the daughter came in the store and bought $8.35 worth of groceries; that they then went out to the car where the defendant was, and he called for a check on the First Bank of Nashville

and filled it out and signed it; that said check was for $8.35, and that the witness lost that sum by reason of the fact that the check was worthless. J. J. Rutherford, assistant cashier of the said bank, testified: that Mrs. Harris presented said check for payment, and it was turned down because of "insufficient funds;" and that there were no funds with which to pay said check between the time it was given and the time it was presented for payment. John Spell testified that he was in the store when said goods were bought, and that he "heard J. L. Harris and his wife state that the check was given for a past-due account Dent owed the store." The testimony of J. L. Harris, who was the ostensible prosecutor in the case, and who was sworn in behalf of the defendant, was that the defendant frequently traded "at the store;" that "Dent had an account with us when the check was given;" that "he always gave a check, and they were paid, except this one;" and that on the occasion in question the defendant called for a check, but the witness did not see him sign it, because he was out in the car.

It is true that there is no direct evidence as to the ownership of the goods bought by the defendant; and it is also true that Mrs. Dent swore: "I have lost $8.35 by reason of the check being bad." Since, however, it appears that both husband and wife were connected with the store, and both were there when the goods were sold, and that the merchandise was delivered for a check payable to J. L. Harris, we are of the opinion that the jury had the right to conclude that J. L. Harris was defrauded as alleged.

The first special ground alleges that Mrs. J. L. Harris was the real prosecutor in the case, and was a third cousin by affinity to one of the jurors who tried the defendant. Attached to this ground is an affidavit which traces the alleged relationship with great particularity. By way of a counter-showing, Mr. and Mrs. J. L. Harris made an affidavit that "they know of their own knowledge that there is no connection or relation either by blood or marriage between said juror and themselves." It is insisted by counsel for plaintiff in error that the affidavit of Mr. and Mrs. Harris is a mere matter of opinion, and is too general to have the effect of counteracting said affidavit which shows precisely how the alleged relationship arises, and the other affidavits substantiating it. We see nothing to take this case out of the rule that the court is the trior as to the question of relationship, and that, upon conflicting

evidence, his finding conclusively determines the issue. *Buchanan* v. *State,* 118 *Ga.* 751 (9) (45 S. E. 607) ; *Johnston-Crews Co.* v. *Smith,* 33 *Ga. App.* 25 (125 S. E. 734), s. c. 161 *Ga.* 382 (131 S. E. 65) ; *Walker* v. *State,* 33 *Ga. App.* 598 (2) (127 S. E. 476).

It is next insisted that a new trial should be granted because of newly discovered evidence that Mrs. J. L. Harris, and not J. L. Harris, was the owner of the groceries alleged to have been obtained on said check; and that therefore J. L. Harris was not cheated as alleged. We are inclined to the opinion that this ground is not good upon its merits; but we do not so hold, for the reason that the ground is not sufficiently complete for our consideration, because the affidavits in support of the witnesses upon whose newly discovered evidence a new trial is asked are defective, in that they do not give the names of the associates of those witnesses. The statement that said witnesses lived in a certain locality and associated with the best people does not meet the requirement that the names of their associates be given. *Ivey* v. *State,* 154 *Ga.* 63 (6) (113 S. E. 175); *Troupe* v. *State,* 37 *Ga. App.* 115 (2) (139 S. E. 116).

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*