FORTENBERRY *v.* THE STATE.

No. 9134.   AUGUST 10, 1932.

318

*J. M. Lang* and *J. G. B. Erwin,* for plaintiff in error.

*Lawrence S. Camp, attorney-general, John C. Mitchell, solicitor-general,* and *T. R. Gress, assistant attorney-general,* contra.

GILBERT, J. ■ Movant insists that a new trial should be granted because the court erred in admitting, over timely objection, the original record in a suit for divorce brought by the deceased wife, consisting of the petition, answer, and order of the court granting temporary alimony and custody of minor children. The grounds of objection were that the evidence was "incompetent, irrelevant, prejudicial, and unauthorized, and as not being such evidence and in such condition as to make it admissible, and it does not throw any light upon the issues in the case." This is the entire objection and

in the exact language as contained in the record. The objection, therefore, is to the whole record. No particular part is indicated as being objectionable, and therefore, if any part of the record· is admissible, it was not error, over the objection made, to admit the entire record. *Fricker* v. *Americus Improvement Co.,* 124 *Ga.* 165 (9) (52 S. E. 65) ; *Park* v. *State,* 126 *Ga.* 575 (55 S. E. 489) ; *Martin* v. *Gainesville,* 126 *Ga.* 577 (55 S. E. 499) ; *Knight* v. *State,* 148 *Ga.* 40 (95 S. E. 679). In the motion for a new trial, after stating the grounds of objection, movant sets out in detail other and further reasons for the rejection of the evidence. These reasons do not and can not in any way enlarge or add to the objections made to the court at the time the evidence was admitted. Reasons assigned at a later date can not be considered in determining whether or not the judge erred in admitting the evidence, over the objections made at the time.

The record was admissible for the purpose of showing motive on the part of the accused for the murder of his wife. It is urged that the documentary evidence was inadmissible, because it was hearsay, and because the wife had, in writing and under oath, charged the defendant with threatening to kill her, and, since defendant was then on trial for having killed her, the same was very damaging and prejudicial, and tended to arouse and inflame the jury and to create bias in their minds against him. The paragraph of the petition for divorce which alleges threats was denied in the answer, and the answer went to the jury along with the allegation of threats. As stated above, however, that part of the petition was not pointed out and made the subject of specific objection, as it could have been if the accused desired to avail himself of the objection. Some parts of the record were certainly admissible, and by the failure to point out the objectionable part, assuming for present. purposes that it was objectionable, the movant failed to make a good objection. Moreover, the introduction of the documentary evidence was not erroneous, as argued, on the ground that it constituted testimony of the wife against the husband. "If a man shall whip, beat, or otherwise cruelly maltreat his wife, he shall be guilty of a misdemeanor. On such trials the wife shall be a competent witness." Penal Code, § 104. The wife is competent, but not compellable to testify against her husband in the trial of any criminal case committed or attempted to have been committed upon her person.

Penal Code, § 1037 (4). If he has murdered her and thereby sealed her lips, that fact affords no reason why statements made by her while in life, and which are pertinent and material and not otherwise objectionable, can not be introduced upon the trial against the husband. The charges were made in writing. They were answered by the husband. Both the petition and the answer became public documents, and there was no reason why the documents, objected to as a whole, and which bore directly upon the motives of the accused, should not have been admitted. It has several times been held that one who overhears statements by a wife to her husband may, as a witness, testify thereto, without offending the ruling that on the trial of the husband the wife is not a competent witness. *Knight* v. *State,* 114 *Ga.* 48 (39 S. E. 928, 88 Am. St. R. 17); *Joiner* v. *State,* 119 *Ga.* 315 (46 S. E. 412); *Hudson* v. *State,* 153 *Ga.* 695, 697 (113 S. E. 519). On the trial the accused made no denial of the threats as set out in the divorce proceeding. In fact there was evidence of a later threat, a threat made on the very day of the homicide, also undenied. A witness testified that on that morning he saw the accused in Adairsville, "sharpening his knife on a whetrock, and I says, 'I'd like to swap knives with you,' and he told me he was not going to swap it off, that he was going to kill somebody that day." And again, these documents were not such communications between husband and wife as to fall within Civil Code (1910) § 5785, with reference to confidential communications between husband and wife. They were not intended to be confidential. On the contrary they are and were intended to be public documents.

What has just been said, as to the insufficiency of the objection, applies with equal force to the further argument that the documentary evidence was inadmissible because there was included therein the judgment of the court awarding custody of the children to the wife, and the fact that the original document was introduced and not a certified copy. There was no specific objection made at the time on the ground that a certified copy should have been offered instead of the original documents. Certain it is that no higher and better evidence could have been adduced as to the contents of the documents than the originals.

◼ Movant insists that a new trial should be granted because of the admission of "certain evidence of witness John Brown, with

reference to epilepsy, over objections of movant, and what occurred in connection therewith was as follows: 'Q. (By solicitor-general) Did you ever suffer with epileptic fits? A. Yes, sir. Q. For how long? A. About twenty years. Mr. Lang: We submit that he is not shown to be an expert, and his evidence would be hearsay and prejudicial . . Court: I am disposed to the idea, Mr. Lang, that it is admissible; testimony has been offered as to the effect of epilepsy on persons. I think in rebuttal of that his testimony would be relevant.' After the ruling by the court the witness proceeded to testify that he started having fits at twenty years of age; that Dr. Mills gave him some medicine; that he got over them; that he had not had one in fourteen years; that when he had them he never did want to hurt anybody, would just go to sleep; that when he would wake up his tongue would be swelled up and black; couldn't eat anything for four or five days; after that he would be all right; his mind was all right after that." In the motion for new trial movant insists that his objections, which are set out in full above, should have been sustained for several reasons stated. As shown above, the reasons stated in the motion for a new trial filed at a later date can not enlarge the objections made at the time the evidence was offered. The objection made at the time was that the witness "is not shown to be an expert, and his evidence would be hearsay and prejudicial." Neither of these objections shows any sufficient reason why the evidence should have been rejected. Certainly the evidence is not hearsay. It was doubtless prejudicial, but that does not of itself render it inadmissible. The witness did not testify to any opinion evidence. He merely stated facts with regard to the effect of the disease in his own case. The evidence was admissible as against the objections made.

3. The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur.*