### RHODES v. THE STATE.

JENKINS, Justice. 1. The circumstantial and other evidence for the State as to a confession by the defendant after the homicide was sufficient to authorize the verdict of guilty.

2. The evidence for the State, on which the verdict was based, was not limited to circumstantial evidence.

3. Even in cases where a conviction is based upon circumstantial evidence, if the court elsewhere charges the jury on the law of circumstantial evidence, a failure to recharge such law in immediate connection with the law of reasonable doubt will not be cause for a new trial. *Young*

v. *State,* 95 *Ga.* 456 (3) (20 S. E. 270); *McNaughton* v. *State,* 136 *Ga.* 600 (3), 614 (71 S. E. 1038); *Knight* v. *State,* 148 *Ga.* 40 (5) (95 S. E. 679); *Buckhanon* v. *State,* 151 *Ga.* 827 (4) (108 S. E. 209); *Copeland* v. *State,* 33 *Ga. App.* 150 (2) (125 S. E. 781); *Walker* v. *State,* 33 *Ga. App.* 598 (127 S. E. 476).

4. Even if this case be treated as one where the conviction was based on circumstantial evidence, there is no merit in the exceptions to two charges of the court as failing to state, in immediate connection with the law of reasonable doubt, the circumstantial-evidence rule that the proved facts must exclude every other reasonable hypothesis save that of guilt, since in one of the charges the judge actually gave the two rules in immediate connection, and in the other, under the ruling last stated, there was no error. *Judgment affirmed. All the Justices concur.*

No. 12359. SEPTEMBER 16, 1938.

*Perry & Perry* and *Tipton & Houston,* for plaintiff in error.
*M. J. Yeomans,* attorney-general, *W. C. Forehand,* solicitor-general, *E. J. Clower,* and *E. G. Arnall,* contra.