### 30829. WILLINGHAM v. THE STATE.

DECIDED APRIL 12, 1945.

*J. T. Sisk*, for plaintiff in error.

*R. Howard Gordon, solicitor-general*, contra.

MacIntyre, J. ■ ■ One may kill to protect his sister from death or serious bodily injury, real or apparent, and may be justified. The same circumstances that will justify or excuse the homicide where the assault is upon the person killing will also excuse or justify him if the killing is done in the defense of his sister. Code, § 26-1015; 1 Warren on Homicide (Perm. ed.), § 161. One phase of the evidence and the defendant's statement showed that the deceased had "since the night before been on a cussing, drunken spree;" that he and his wife, who was the defendant's sister, had spent the night together in the same room and in the same bed; that during the night he had cursed her and beat her severely; that the defendant, the brother of the wife of the deceased, went to the room of the deceased early the next morning and was standing in the doorway, when the deceased told him, "All of you coming here will not hinder me from what I am going to do [meaning that he was going to kill his wife];" that the defendant said: "I would not do that;" that the deceased "hit" the defendant and the defendant then knocked him [the deceased] flat; that the deceased went to the back door of the room; that his wife (the sister of the defendant) was in a toilet about three or four yards from the said back door; that the defendant told the deceased not to go out there (to the toilet) and that the deceased replied: "Your coming out here don't hinder me from killing her;" that when the deceased was about half the distance between the said back door and the toilet and had approached to within a yard or two of the defendant's sister, the defendant shot and killed him; that the deceased did not have in his possession any weapon, dangerous or otherwise, at the time he was shot. We think that the evidence was sufficient to authorize the charge upon the basis of passion produced by an assault or an assault and battery. *Plymel v. State,* 164 *Ga.* 677 (139 S. E. 349); *Brantley v. State,* 5 *Ga. App.* 458 (63 S. E. 519). Thus the defendant's contention that the evidence did not authorize the charge on voluntary manslaughter was not meritorious.

■ Special ground 1. The judge charged the jury in part as follows: ["I charge you that a man has the right to defend his sister against attack and to protect her life, just the same as he is authorized to defend himself against attack or danger to his life. The same rule applies as far as protection of his sister is con-

cerned, and this was his sister, as applies to him had he been the victim of the alleged attack that this man was making or about to make upon his sister. In that same connection I charge you that so far as the definition of self defense is concerned, and that is the definition of justifiable homicide, that the defendant would be authorized to protect his sister just to the same extent as he would be authorized to protect himself, and no further, and the same rules would apply to any protection he undertook to offer to his sister that would apply to himself. That is to say, if he acted from any motive of self-defense, it must appear his actions at the time were necessary to prevent serious bodily harm to her, and amounted to a felony."] He then charged the jury under what circumstances they could find the defendant guilty of murder. The verdict being for manslaughter was an acquittal of the crime of murder, and it is not necessary to quote this part of the charge. The court then charged the jury as follows: ("If the jury should believe that the person shot, named in the indictment, was shot by the defendant, but that at the time of the killing the deceased was committing or attempting to commit a serious personal injury on the defendant's sister, less than a felony, or *that circumstances were such as to justify the fears of a reasonable person that the deceased intended, endeavored, or was about to commit a serious personal injury on the person of the defendant's sister, less than a felony,* or that other equivalent circumstances surrounding the killing to justify the excitement of passion and to exclude all idea of deliberation or malice, either express or implied, then, in that event, the jury would be authorized to convict of voluntary manslaughter.) If the jury should believe that the person shot and killed was attempting to commit a felonious assault upon the defendant's sister, or the circumstances were such as to excite the fears of a reasonable person that the deceased was attempting, endeavoring, or about to commit a felonious assault upon his sister, and the defendant shot him under these circumstances and not in a spirit of revenge, then and in that event, you should acquit him." (Italics ours.) The defendant objected to that part of the charge enclosed in brackets, "for the reason that the court charged the jury that 'it must appear his actions at that time were necessary to prevent serious bodily harm to her, and amounted to a felony,' while the true rule of law is, that in such a case there need not be

an *actual* necessity to kill, but only such circumstances as presented an apparent necessity to kill as they appeared to the slayer at the time of his interposition. There does not have to exist an absolute necessity to kill.but only a bona fide belief that such a necessity exists or that such necessity apparently exists as the facts appear to the slayer." We think that part of the charge inclosed in parentheses, subsequent to the excerpt objected to, was supplementary to and explanatory of the excerpt objected to and makes it plain and definite that the necessity there referred to was not an "actual necessity," but an apparent necessity. *Varner* v. *State,* 139 *Ga.* 613 (4) (77 S. E. 808); *Lyens* v. *State,* 133 *Ga.* 587, 594 (66 S. E. 792).

■ The defendant objects to the above italicized part of the charge on the ground that "the doctrine of reasonable fears has no connection with the offense of voluntary manslaughter, and it was error to charge in that connection." In charging the jury on the law of manslaughter, the judge gave to them the principle that if the deceased actually made an assault, less than a felony, upon the accused, or, if the facts and circumstances were such only as to excite the fears of a reasonable man that some bodily harm to the accused, less than a felony, was imminent and impending, the jury would be authorized to find him guilty of voluntary manslaughter. In so doing he was not charging contrary to the holding that "the doctrine of reasonable fears has no connection with the offense of voluntary manslaughter." *Rawls* v. *State,* 160 *Ga.* 605 (2) (128 S. E. 747); *Booker* v. *State,* 183 *Ga.* 822 (4) (190 S. E. 356); *Adkins* v. *State,* 137 *Ga.* 81 (6) (72 S. E. 897). While the doctrine of reasonable fears, as it relates to an assault upon the person killing, may be applicable in determining whether the homicide was voluntary manslaughter, it stops "right there," and has no connection with the defense of voluntary manslaughter which would authorize an acquittal of the defendant. *Johnson* v. *State,* 72 *Ga.* 679, 695; *Gresham* v. *State,* 70 *Ga. App.* 80 (27 S. E. 2d, 463). The excerpt was not subject to the objection urged, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*