### 34443. PRINCE v. THE STATE.

DECIDED JANUARY 28, 1953—REHEARING DENIED FEBRUARY 13, 1953.

*Curry & Curry, Carl E. Sanders, George C. Nicholson, Max Rubenstein,* for plaintiff in error.

*George Hains, Solicitor-General, R. L. Chambers III, Mixon & Chambers,* contra.

TOWNSEND, J. ■ The first special ground of the amended motion for a new trial complains of error in refusing to allow a police officer who was called to the scene of the shooting, to testify as to a statement of the defendant made immediately upon his arrival, which testimony would have been advantageous to the defendant. It was contended that the statement was a part of the res gestae, it being shown that the police officer arrived within a minute and a half or two minutes after he was notified of the shooting. The court ruled: "Well, that doesn't show how long after the shooting. I don't think it is admissible at this time." No further ruling was invoked. Even assuming the ruling to have been a final one on which error can be assigned (in which connection see *State Highway Board* v. *Warthen,* 54 *Ga. App.* 759, 189 S. E. 76; *Connor* v. *Rainwater,* 200 *Ga.* 866, 38 S. E. 2d, 805), there was at that point no testimony to indicate the lapse of time between the shooting and notification of the witness, for which reason it did not appear that the defendant's declaration was in fact a part of the res gestae; and no effort was made, after such testimony was developed at a later stage of the trial, to reintroduce the evidence in question. This contention is without merit.

■ Special ground two complains of the court's charge of the law relating to voluntary manslaughter, it being contended that

the killing was either murder (under the testimony for the State) or justified (under that for the defendant). It appears that, although the deceased had previously threatened the defendant with a knife, and although he actually had a knife on his person shortly before the affray, he assaulted the defendant with bare fists, grappled with him, and pushed him against the wall. The defendant might have been justified in shooting the deceased under these circumstances, provided he was acting under the fears of a reasonable man that a felony was about to be committed upon him. On the other hand, assault and battery is a misdemeanor and not a felony; and if the defendant killed the deceased merely to prevent such misdemeanor, the homicide would not be justified but would be voluntary manslaughter. *Mullis* v. *State*, 196 *Ga.* 569 (6), 578 (27 S. E. 2d, 91); *Willingham* v. *State*, 72 *Ga. App.* 372 (2) (33 S. E. 2d, 721). And, where there is anything deducible from the evidence tending to show that the defendant is guilty of manslaughter, sufficient to raise a doubt as to whether the homicide is murder or manslaughter, the law of voluntary manslaughter should be given in charge. *Bacon* v. *State*, 27 *Ga. App.* 37 (1) (107 S. E. 346), and citations. The trial court did not err in giving this principle of law in charge.

■ It is contended in the third special ground that the court, having charged the law of voluntary manslaughter, erred in not "further instructing the jury as to the definition and meaning of the term involuntary manslaughter." This assignment of error is not complete within itself. "An exception that the court, on a trial for murder, did not charge the jury on the law of involuntary manslaughter, not specifying what grade of that offense should have been submitted, is not sustainable." *Bradford* v. *State,* 151 *Ga.* 334 (1) (106 S. E. 718).

The fourth special ground, which seeks a new trial on the basis of newly discovered evidence, is likewise incomplete in that it fails to support the affidavits of persons in a position to testify as to the new facts on which the reversal is sought by affidavits of supporting witnesses as to the residence, associates, means of knowledge, character, and credibility of the deponents. Such supporting affidavits are essential to the consideration of a ground for a new trial based upon newly discovered evidence.

Code, § 70-205; *Dent* v. *State*, 43 *Ga. App.* 153 (3) (158 S. E. 62).

The jury was authorized to find that the defendant, the doorkeeper of a club, quarreled with the decedent and another who were seeking admittance thereto; that the decedent made an assault upon the defendant with his hands; and that the defendant then drew his pistol and shot his assailant, in a sudden heat of passion, under circumstances not amounting to justification. The verdict was therefore authorized by the evidence and, having the approval of the trial court, will not be disturbed by this court.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*