35012.   RIDDLE *v.* THE STATE.

Decided February 24, 1954—Rehearing denied March 16, 1954.

*J. D. Godfrey, Casey Thigpen,* for plaintiff in error.

*W. H. Lanier, Solicitor-General, T. A. Hutcheson,* contra.

GARDNER, P. J. ■ The evidence abundantly sustains the conviction of illegally shooting at another.

■ Special ground 1 contends that the court did not fully

charge that a brother could defend a brother the same as he could defend himself. The court throughout the charge stated to the jury that, "In this case, generally, always remember that the defense of a brother stands on the same footing as the defense of one's person." In this ground, counsel for the defendant claims that in another portion of the judge's charge, after he had charged that a brother has a right to defend a brother, the judge added: "I charge you that a brother has a right to defend a brother, and also charge you that no person shall be found guilty for any crime or misdemeanor committed by misfortune or accident where it satisfactorily appears that there was no evil design or intention or culpable neglect. An accident is an event that takes place without one's foresight or expectation, that which takes place or begins to exist without design. To absolve one from guilt of crime it must not only appear that there was no evil design but that there was no culpable neglect."

When we read the charge as a whole, we think that the court sufficiently charged in no unmistakable terms that a brother has a right to defend his brother the same as he has a right to defend himself. The principle of law as called to our attention by counsel for the defendant, i. e., *Harper* v. *State*, 17 *Ga. App.* 561 (2) (87 S. E. 808), is a correct rule of law, but it is not applicable under the facts and record of the instant case. Counsel for the defendant also called our attention to *Willingham* v. *State*, 72 *Ga. App.* 372 (33 S. E. 2d 721). The opinion in that case does not sustain the contentions of distinguished counsel. The only principle of law ruled there was that reasonable fears had no application in voluntary manslaughter. In that case the person attacked died; and this court held that under the facts of that case the court was justified in charging voluntary manslaughter on the theory that the jury were authorized to find that the defendant might have acted under a heat of passion. In truth, it seems to us that that decision, under its facts, is authority for the principle of law that, where one shoots under a passion and misses the mark and death does not result, the defendant is guilty as a matter of law of illegally shooting at another. That seems to be just what happened here. The defendant was drunk or mad, or both, and fired the shot, with an abundance of evidence to support the fact that he did so in a

mad passion aroused because the prosecutor committed on the brother of the defendant a misdemeanor offense. In our opinion, in the instant case a verdict of assault with intent to murder would have been authorized under the evidence. Certainly the evidence authorized a verdict of illegally shooting at another. It must be kept in mind that, even conceding that the prosecutor committed an assault and battery on the defendant's brother, the defendant's brother and other witnesses testified that the slapping of.the defendant's brother by the prosecutor was at an end, and the prosecutor had returned to his truck and gotten into it when the shot was fired. It must not be forgotten also, and the jury were authorized to believe, that the brother of the defendant was drunk and was approaching the prosecutor with his hand in his pocket and walked almost into the face of the prosecutor at the time the prosecutor slapped the defendant's brother. Up to this point, just where is there any sort of evidence, in this record, which would justify the defendant in what he did? Even from the defendant's own evidence, the slapping incident was at an end "when the shot was fired." But the defendant's contention is that the firing of the gun was an accident. This was a jury question. The jury did not believe that the firing was an accident. The court fully charged on accident as hereinabove mentioned.

Counsel further call our attention to the following cases: *Carroll* v. *State,* 70 *Ga. App.* 78 (27 S. E. 2d 423) ; *Warnack* v. *State,* 3 *Ga. App.* 590 (60 S. E. 288) and *Helms* v. *State,* 138 *Ga.* 826 (76 S. E. 353). The principle of law under the facts of those cases is not applicable here.

The facts of the instant case are not sufficient to require a reversal. As we see it, under such facts, the principle of a brother defending a brother is not applicable because the instance of the prosecutor slapping the defendant's brother was over, as hereinabove stated, and hence there was no occasion to charge on that principle of law. But the charging of such principle did not harm the defendant. As above stated, the defendant does not contend that, at the time of the gun-fire, his brother was being attacked in any way whatsoever. Moreover, after the rifle had been fired, the defendant fled, and that is a circumstance as to guilt which the jury could consider. We find

no merit in special ground 1 under the record in this case and the law applicable thereto.

■ Special ground 2 complains because the court refused to charge a written request concerning the law of reasonable doubt. The court did charge on the presumption of innocence, and also charged several times to the effect that the jury would not be authorized to convict the defendant unless it found him guilty beyond a reasonable doubt. The first case called to our attention on this question (although it did not concern reasonable doubt) is *Roberts* v. *State,* 114 *Ga.* 450 (1) (40 S. E. 297), wherein the court said: "In a close and doubtful case it is error for the judge to refuse to give the jury, upon an appropriate written request submitted in due time, a charge applying to the facts, as shown by the evidence for the party making the request, the law applicable thereto; and this is true although the judge in his charge states the abstract principle of law applicable to those facts."

The facts of the instant case to our minds do not present a close and doubtful question, notwithstanding the other cases cited by the defendant, i. e., *Terry* v. *State,* 17 *Ga.* 204 and *Pressley* v. *State,* 132 *Ga.* 64 (2) (63 S. E. 784). Neither of those cases involves the question of reasonable doubt. This special ground does not require a reversal of the case.

The court did not err in denying the motion for a new trial.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*