## SMITH *v.* THE STATE.

1. A ground of a motion for a new trial, that "the court erred in not charging the jury the law of voluntary manslaughter," is too vague and indefinite an assignment of error to raise any question for determination by this court.

2. There were no other errors of law complained of. The evidence warranted the verdict, and the trial court properly refused to grant a new trial.

Argued March 20,—Decided May 14, 1906.

Indictment with assault with intent to murder. Before Judge Roan. Fulton superior court. February 20, 1906.

*Lowndes Calhoun,* for plaintiff in error.

*C. D. Hill, solicitor-general,* contra.

BECK, J. Smith was convicted of the offense of assault with intent to murder. The evidence disclosed that he boarded the rear platform of a trolley-car, and, when approached by the conductor, refused to pay his fare. He was made to do so, however, by a police officer who was on the car. A few moments after this the policeman left the car, and the accused commenced to act in a disorderly manner, using profane language and continually pulling the bell-cord and ringing the signal-bell. The conductor closed the door of the car so that the misbehavior of the defendant might not disturb the passengers who were inside the car. The defendant kept up his disorderly conduct, and the conductor remonstrated with him, telling him that Judge Broyles had fined people for doing less than that; whereupon the accused, said, "God damn you and Judge Broyles too." The conductor then "punched" or struck him with his fist, and the accused stabbed him with a knife, the blow being of such force that the instrument penetrated into the conductor's lungs. The defendant made a motion for a new trial upon the general grounds, and because of the court's failure to charge the law of voluntary manslaughter; the motion was overruled, and he excepted.

As the verdict was amply sustained by the evidence, the judgment

refusing the motion for a new trial must be affirmed, the only other assignment of error besides the general grounds being that "the court erred in not charging the jury the law of voluntary manslaughter." This assignment is too vague and indefinite to raise any question for determination by this court. Assignments of error should be clear, distinct, and definite, and should specify the particular or particulars wherein it is insisted the error consists. Here there is no attempt to be specific other than by alleging that it was error for the court to fail to charge "the law of voluntary manslaughter." Obviously all the law of voluntary manslaughter should not have been given. What part of it, then, does the plaintiff in error insist should have been included in the instructions to the jury, which it was error for the court to omit? There are cases in which the law of voluntary manslaughter, as applicable to cases of mutual combat, should be given; and in other instances the law of manslaughter, as applicable to the case of one who kills because of an unprovoked assault, or an attempt by the person killed to commit a serious personal injury upon the person killing, should be included in the charge. In still other instances the trial court should give the law of voluntary manslaughter as applicable to those cases of other "equivalent circumstances" justifying the excitement of passion and excluding all idea of deliberation or malice, either express or implied. In the brief of counsel for plaintiff in error cases are cited which are themselves illustrations of the distinctions between these three classes of cases of voluntary manslaughter. And when the court below was called upon to pass on the motion for new trial in this case, it was entitled to have pointed out, in the exceptions to its charge for the omission therein of the law of voluntary manslaughter, the particular branch or branches of that law which it was error to omit; and in the absence of exceptions in the motion sufficiently definite and specific to show and point out the error complained of, this court can not and will not hold that the overruling of the motion was erroneous.

*Judgment affirmed. All the Justices concur.*