## BURNEY v. THE STATE.

LUMPKIN, J. 1. The ruling in *Smith* v. *State*, 125 *Ga.* 300 (54 S. E. 124), to the effect that a general assignment of error that the court erred in not charging the law of voluntary manslaughter is insufficient, will not be extended. In the present case the ground of the motion for a new trial not only made such an assignment but also called attention to parts of

the evidence touching previous difficulties and transactions as showing the basis for such a charge.

2. The evidence was such as to involve the question of voluntary manslaughter, and it was error not to charge on that subject.

(a) Among other things, the evidence showed that the homicide occurred on Tuesday, and that there had been a previous difficulty between the parties on Sunday. In his direct examination the only eye-witness of the tragedy stated that the accused shot at the deceased; but in the cross-examination, as it appears in the brief of evidence, he stated that the deceased shot at the accused in the previous difficulty. This, in connection with the other evidence, required a charge on the subject of voluntary manslaughter.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

DECEMBER 16, 1914.

Indictment for murder. Before Judge James B. Park. Jones superior court. June 27, 1914.

*J. C. Barron,* for plaintiff in error. *Warren Grice, attorney-general,* and *J. E. Pottle, solicitor-general,* contra.