WATKINS, *alias* FLUELLEN, *v.* THE STATE.

474

*R. B. Giles* and *H. A. Allen,* for plaintiff in error.

*George M. Napier,* attorney-general, *John A. Boykin,* solicitor-general, *T. R. Gress,* assistant attorney-general, *John H. Hudson,* and *J. W. LeCraw,* contra.

ATKINSON, J. A verdict was returned finding the defendant guilty, and recommending him to the mercy of the court, under an indictment against Ed. Watkins, alias Fluellen, charging him with the murder of Guy Parris by shooting him with a pistol. The exception is to a judgment refusing a new trial.

■ Immediately after charging the law of justifiable homicide, the judge, applying it concretely to the defendant's theory of the case deduced from certain evidence and the defendant's statement before the jury, charged: "If you should believe, gentlemen, that without this defendant having attempted to commit any assault upon the deceased, you should believe that the deceased attempted to assault him with an ice-pick, and that he retired and was pursued by deceased, and becoming entangled in or against some obstacle the defendant could not retire further and shot him then, while the deceased was advancing upon him with ice-pick, then and in that event, gentlemen, the killing would be justifiable in law, and it would be the duty of the jury to acquit." This charge was not erroneous, as against the defendant, upon either of the grounds as contended, (a) that "it restricted the rights of the defendant to protect himself without making any retreat;" (b) that it charged that it was necessary for the jury to believe that defendant had not attempted to commit any assault on the deceased, before they should acquit; (c) that the court should have instructed that "it was the duty of the jury to acquit if they believed that he acted under the fears of a reasonable man, even though they disbelieved that statement of defendant that he was making a retreat at the time he fired the shots."

■ The second special ground of the motion for a new trial, which complains that the court erred in failing to instruct the jury

"relative to the right of defendant" to defend himself against one who was attempting to forcibly take his property from his person, without stating what it is contended the court should have charged, is not sufficiently definite to constitute a ground of a motion for a new trial. *Spence* v. *Morrow,* 128 *Ga.* 722 (58 S. E. 356) ; *Smith* v. *State,* 125 *Ga.* 300 (54 S. E. 124) ; *Knight* v. *State,* 148 *Ga.* 40 (3) (95 S. E. 679).

The evidence was sufficient to support the verdict, and the judge did not err in refusing a new trial.

*Judgment affirmed. All the Justices concur.*