## HARRIS *v.* THE STATE.

HUTCHESON, J. 1. There being testimony which would authorize the conviction of the defendant of the offense of murder, it was not error for the court to give in charge Penal Code (1910), §§ 61, 62, defining express and implied malice.

2. "There being some direct evidence on all the essential elements of the crime charged, the failure of the court to charge the jury on the law of circumstantial evidence does not furnish cause for a new trial. *Wilson* v. *State*, 152 *Ga.* 337 (110 S. E. 8)." *Long* v. *State*, 175 *Ga.* 274 (165 S. E. 75).

3. It has been held that "a ground of a motion for new trial that 'the court erred in not charging the jury the law of voluntary manslaughter' is too vague and indefinite an assignment of error to raise any question for determination by this court." *Smith* v. *State*, 125 *Ga.* 300 (54 S. E. 124). And see *Wilson* v. *State*, 156 *Ga.* 42 (118 S. E. 427). It has also been held that "an assignment of error upon the court's failure to charge the law upon the subject of involuntary manslaughter is not sufficiently definite where the exception fails to designate the branch of involuntary manslaughter which it is contended the court should have given." *Drane* v. *State*, 147 *Ga.* 212· (2) (93 S. E. 217). In the instant case the ground of the motion for new trial which complains that "the court erred in failing to give in charge to the jury the law of voluntary and the law of involuntary manslaughter" is too indefinite to present any question for decision.

4. The evidence authorized the verdict, and the judge did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*

No. 10090. APRIL 11, 1934.

*W. A. Slaton,* for plaintiff in error.

*M. J. Yeomans, attorney-general, J. Cecil Davis, solicitor-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general,* contra.