## PARHAM v. THE STATE.

ATKINSON, Justice. 1. The evidence authorized a finding that the defendant was the aggressor; and consequently the principle that a person can not create the necessity for another to defend himself or attempt to defend himself from a felonious assault, as stated and applied in *Bowden* v. *State*, 126 *Ga.* 578 (3) (55 S. E. 499), and *Price* v. *State*, 137 *Ga.* 71 (3, 5) (72 S. E. 908), was applicable, and the charge complained of in the first special ground of the motion for new trial was not erroneous for the reason stated.

2. "A ground of a motion for a new trial, that 'the court erred in not charging the jury the law of voluntary manslaughter,' is too vague and indefinite an assignment of error to raise any question for determination by this court." *Smith* v. *State*, 125 *Ga.* 300 (54 S. E. 124) ; *Wilson* v. *State*, 156 *Ga.* 42 (118 S. E. 427) ; *Harris* v. *State*, 178 *Ga.* 746 (3) (174 S. E. 240). The second special ground of the motion for new trial, complaining of the omission to charge "the law applicable to voluntary manslaughter," is insufficient to present any question for decision.

3. The evidence was sufficient to support the verdict, and there was no error in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 10285. FEBRUARY 12, 1935.

238

C. D. *Rivers* and *Fariss & Langford,* for plaintiff in error.
M. J. *Yeomans, attorney-general,* J. F. *Kelly, solicitor-general,*
B. D. *Murphy,* J. T. *Goree,* and J. R. *Rosser,* contra.