### BRYANT *v.* THE STATE.

ATKINSON, Justice. 1. A ground of a motion for a new trial, that "the court erred in not charging the jury the law of voluntary manslaughter," is too vague and indefinite an assignment of error to raise any question for determination by this court. *Smith* v. *State,* 125 *Ga.* 300 (54 S. E.

124); *Wilson* v. *State*, 156 *Ga.* 42 (118 S. E. 427); *Harris* v. *State*, 178 *Ga.* 746 (3) (174 S. E. 240); *Parham* v. *State*, 170 *Ga.* 233 (2). "Grounds of a motion for a new trial should be complete in themselves; and when a particular ground is under consideration, reference to other grounds should not be required in order to understand the assignments of error." *Bowen* v. *Smith-Hall Grocery Co.*, '146 *Ga.* 157 (4) (91 S. E. 32); *Bennett* v. *Brown*, 164 *Ga.* 51 (137 S. E. 756); 3 Stevens Index-Digest, 2742. None of the special grounds of the motion for a new trial, considered separately as they must be, are sufficient to raise a question for decision by this court.

2. The evidence was sufficient to support the verdict, and the judge did not err in overruling the motion for a new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

No. 10296.   FEBRUARY 12, 1935.

*Lowrey Stone,* for plaintiff in error.

*M. J. Yeomans, attorney-general, R. A. Patterson, solicitor-general, B. D. Murphy, J. T. Goree,* and *Hooper & Hooper,* contra.