## MILES *v.* THE STATE.

No. 10855.   FEBRUARY 20, 1936.   REHEARING DENIED MARCH 24, 1936.

*Paul H. Field* and *L. T. Mann,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John C. Mitchell, solicitor-general, B. D. Murphy, Allen Post,* and *J. T. Goree,* contra.

BECK, Presiding Justice. F. M. Miles was indicted for the murder of Harrison Henson. The jury found him guilty, without a recommendation. He made a motion for new trial, which was overruled, and he excepted.

The original motion consists of the general grounds. The defendant filed an amendment to his motion, and the references here are to the special grounds as numbered in the amendment.

■ The first ground is based on alleged error in overruling the objections of the movant to the following evidence of Jim Henson, a brother of the deceased: "He said he thought he was going to die. He told me how this occurred. He said he didn't know why the boys wanted to do that way, there wasn't a word of warning given, that he didn't have any warning, and the first warning he had was a lick from behind him, and it knocked him down, and he was knocked unconscious for a little while; he said he didn't know how long that was, and when he come to himself he grabbed his hat and started to run, and one of 'them said something to. the other one, and he couldn't understand what it was, and he looked back over his shoulder and Miles was running up behind him with the gun, and he begged him not to shoot him, and he shot him anyway, and that was the last he remembered about. it. He said there wasn't any words of warning anyway at all." The witness had testified that this declaration was made seven or eight days after the shooting occurred; and that the declarant lived thirty-three or thirty-four days after that. The objection to the testimony just quoted was that "it is hearsay, out of the presence of the defendant, and not in the article of death." The court did not err in admitting this evidence. It was a question for the jury whether the declarant was in the article of death and conscious of his condition. *Battle* v. *State,* 92 *Ga.* 465 (2) (17 S. E. 861); *Johnson* v. *State,* 169 *Ga.* 814 (3) (152 S. E. 76). 30 C. J. 255, § 498, note.

■ Ground 2 complains that the court erred in failing to give in charge to the jury the law concerning dying declarations. This exception is without merit. In the first place, the movant fails to

show what particular law in regard to dying declarations the court should have included in his instructions. In the next place, there was no request to charge on the subject. In the absence of a proper request in writing, the omission so to charge is not error. And besides, this ground does not point out what particular part of the law in reference to dying declarations the court should have given. See *Smith* v. *State*, 125 *Ga.* 300 (54 S. E. 124); *Troup* v. *State*, 150 *Ga.* 633 (104 S. E. 421); *Williams* v. *State*, 176 *Ga.* 372 (168 S. E. 5). This ruling also applies to the assignment in another ground based on the court's failure to charge on the law of confessions.

■ In ground 3 error is assigned on the failure of the court to exclude the following evidence for the State: Q. "As to where he pointed out Henson, as to where he claimed Armstrong shot him, would it have been possible for Armstrong to have shot Henson?" A. "I don't think I understand. . . I told this boy then, I says, 'If Armstrong was over there, I don't see how Armstrong could have shot Henson, where he was, if he was shot on the other side of the head, and going in his head the way it did,' and that was one of the reasons that I arrested Mr. Miles." It is insisted that the failure to exclude this evidence was error, because it expressed to the jury the opinion of the witness as to the guilt of the defendant, and that such an expression of opinion by the witness had an effect upon the minds of the jury that was prejudicial to the rights of the defendant. Admitting this evidence over the objection stated was not erroneous for any reason assigned. The ground of the motion does not show to whom the remark of the witness was addressed. If it was addressed to the defendant (and it is inferable that it was), the ruling was certainly not error.

■ The fourth ground alleges error because the court failed to give in charge the law of manslaughter. This ground presents no question for decision, as it fails to point out whether the court should have charged on the subject of voluntary or involuntary manslaughter. "A complaint in a motion for new trial of a failure of the court to charge the jury 'in reference to manslaughter' can not be ruled on. A valid assignment of error must be complete in itself; and it is essential that such ground of the motion indicate the degree of manslaughter, whether voluntary or involuntary." *Knight* v. *State*, 148 *Ga.* 40 (95 S. E. 679).

.■ There was sufficient evidence to authorize the jury to find that the venue of the crime was as laid in the indictment. · A witness testified that a certain log, the location of which was material in proof of the venue, and pools of blood, were in Whitfield County; and there was evidence that the body of the deceased was found in Whitfield County.

■ There was sufficient evidence to authorize the verdict.

*Judgment affirmed. All the Justices concur, except*

RUSSELL, Chief Justice, and ATKINSON, Justice, dissenting. "Declarations by any person in the article of death, who is conscious of his condition, as to the cause of his death and the person who killed him, shall be admissible in evidence in a prosecution for the homicide." Code of 1933, § 38-307. See also 30 C. J. 254, § 495; *Mitchell* v. *State,* 71 *Ga.* 128; Mattox *v.* United States, 146 U. S. 140, 151. The time between the date of declaration and death should not be unlimited, or be so extended that in lieu of an oath the declarant would not have before him the mental "view of impending death and judgment, when the last hope of life is extinct, and . . the retributions of eternity are at hand." *Mitchell* v. *State,* supra. In the facts of this case the intervening time is so great as to require a finding that the declarations were not made while the declarant was in the article of death, within the meaning of the statute.