## DICKSON *v.* DORTCH.

No. 11678. FEBRUARY 13, 1937.

*George G. Allen* and *W. A. Bailey,* for plaintiff in error.
*Owen & Gross,* contra.

RUSSELL, Chief Justice. In this action Sinda Dortch sought cancellation of a deed executed by Sam Dortch to W. J. Dickson. She alleged that she was the wife of Sam, that he had no child, and she was his only heir. The land described embraced four building lots (two or three acres) fronting on College Street in the City of Toccoa. It was alleged that Sam Dortch was not competent to execute the deed, because at the time of its execution he was insane and had been for two or three years previously, and that this condition continued until his death in 1934. The petition referred to circumstances purporting to show that condition, and requiring proof in their support. There was no demurrer. Dickson answered, alleging that the transaction was a bona fide purchase of land, unmixed with any fraud or duress; that Dortch, the maker of the deed, was sane and fully competent to contract; that Dickson had advanced to Dortch, in addition to the $200 consideration expressed in the deed (which was made up of a debt due to one Davis of $75, accrued taxes, and other advances) over a thousand dollars worth of goods furnished from a store of one Brown, his son-in-law, which sum the defendant sought to set up as additional consideration. He set up also that after Sam Dortch's death he expended $400 in building a new house on the lot occupied by Sam Dortch in his lifetime, and by the plaintiff, his widow, after his death. The evidence as to Sam's sanity was in sharp conflict. His wife, one Carter, and another witness, a neighbor who lived across the street, testified in unequivocal terms that Sam had been insane for several years before the execution of the deed, and continuously thereafter. One witness, an elderly lady, testified that she had frequently gone with Sam's wife and found him hidden in vines and other obstructions at a late hour of the night, attempting to make his escape from his wife's care, and had helped old Sinda to carry Sam back home. Carter testified to substantially the same facts as to Sam's running away from home at late hours of the night. He also testified that the old negro was an interesting talker, and that he frequently stopped and had a few moments conversation with him, but he always was irrational, and that in his opinion for several years before the execution of the deed Sam had been entirely incompetent to make a contract of any kind. Circumstances testified to by witness Schaeffer were corroborative of the witnesses mentioned above.

In the circumstances it was the exclusive prerogative of the jury to prefer the witnesses in the plaintiff's behalf over those for the defendant, especially in view of the fact that there was quite a contradiction between certain testimony of defendant and of his son-in-law, Brown, as to the cost of Sam's funeral. Though the defendant claimed that the funds expended for the funeral were paid by him, Brown contended that a much larger sum than was claimed by the defendant was in fact expended; and while the defendant Dickson swore that he received the proceeds of a burial policy of insurance which Sam had been carrying for thirteen years, before the making of the deed to Dickson, and that Dickson paid the dues for two years after the execution of the deed, Brown swore that the amount paid monthly was forty cents, while Dickson only claimed that the dues were ten cents a month, which he paid for thirty-six months, thus making only $3.60 as the amount paid by Dickson, who obtained the $75 of burial insurance. He did not claim that he bought anything for the funeral, except the shroud which cost $6. Brown swore that the same shroud cost $7.50. The jury evidently settled all conflicts in the testimony by believing that the testimony in behalf of the plaintiff was the truth; and so it can be said without hesitation that the verdict was authorized by the evidence, if there was no error of law which contributed to or caused the finding of the jury; and the general grounds of the motion for new trial are without merit. The first four special grounds of the motion for new trial were disapproved by the judge, and under our well-settled rule, for which no citation of authority is necessary, they can not be considered. The fifth and remaining ground is as follows: Because the court failed to charge the law in regard to the improvements placed on the land, in good faith, by movant while in possession of the same under deed and before the beginning of suit. The court should have charged this law, since the improvements were pleaded; and his failure to do so was error. This assignment of error is too vague and indefinite as to what principle of law it is contended the court should have given in charge to the jury. *Smith* v. *State,* 125 *Ga.* 300 (54 S. E. 124); *Harris* v. *State,* 178 *Ga.* 746 (174 S. E. 240); *Jones* v. *Knightstown Body Co.,* 52 *Ga. App.* 667 (124 S. E. 427). The judge did not err in overruling the motion for new trial. *Judgment affirmed. All the Justices concur.*