## PINSON *v.* THE STATE.

No. 11744.  APRIL 15, 1937.

*James L. & Will G. Moore,* for plaintiff in error.

*M. J. Yeomans, attorney-general, John A. Boykin, solicitor-general, J. W. LeCraw, Dave M. Parker, O. H. Dukes,* and *E. E. Andrews,* contra.

HUTCHESON, Justice.  Clinton Pinson was convicted of the murder of Roscoe Harbin.  The evidence for the State showed substantially the following facts:  The deceased had a place of

business on Fair and Peters Streets in the City of Atlanta. On the day of the homicide he had undertaken to presuade his brother Ira, who was intoxicated, to go home, and had given him a dollar for transportation. Later on that day Ira returned to the place of business, and an argument between the two took place. The deceased pushed Ira out of the doorway, and Ira turned and slapped the deceased. The defendant undertook to intervene in behalf of Ira, with the result that the deceased knocked the defendant down. The defendant left, returned with a pistol, and shot deceased three times. At the time of the shooting the deceased was making no effort to hurt or harm the defendant, but was shot while sitting in a chair in front of his place of business. Immediately after the shooting the defendant stated, "I don't take no damn lick off of no s. . . , black or white." Shortly after the shooting, while at the home of a witness, the defendant stated that he had shot a man, and again made the statement quoted. The deceased while in the hospital related substantially the same circumstances of the shooting as above set out. The defendant made substantially the following statement to the jury: He went to the place of business of the deceased to pay a debt he owed another person, and gave the money to the deceased with instructions to give it to such person. As he started to leave, the deceased asked him to wait. The deceased then left, and came back with his brother Ira. The deceased and his brother got into a fight, and deceased had Ira on the floor beating the blood out of his face. The defendant, at the request of Ira, interceded, and Ira got up and ran out the door; and as the defendant started toward the door the deceased knocked him down and shot at him twice. The defendant hit deceased on the wrist, knocking the pistol out of his hand. The deceased then picked up a chair and advanced on the defendant, and (in the defendant's own words) "when he drawed the chair back to hit me I pointed the pistol at him like that. God in Heaven knows I was not thinking of hurting him. I don't know how many times it went off."

The defendant's motion for new trial was on the general grounds, and on two special grounds. In the first special ground error is assigned on the failure of the court to give to the jury the following charge, "properly requested:" "You are respectfully requested to charge the jury on involuntary manslaughter,

on section No. 26-1006 of the 1933 Code of Georgia." It is alleged that the failure to give the requested charge was error, because the defendant in his statement to the jury said, "God in Heaven knows I was not thinking of hurting him." In the second special ground it is alleged that the court erred in admitting in evidence the following testimony of a witness for the State, over the objection that the witness had not qualified as an expert: "In my opinion the death of Roscoe Harbin was caused by internal hemmorrhage caused by the puncturing of the lung by the bullet." The witness was the undertaker who embalmed the body of the deceased. He described the bullet wounds on the body before giving his opinion as to the cause of death.

Headnote one is sufficient within itself. Passing over the question whether the first special ground of the motion for new trial, which alleges that the charge was "properly requested" in writing, affirmatively shows that the request was tendered to the judge before the jury retired to consider the case (see *Smith* v. *Satilla Pecan Orchard &c. Co.*, 152 *Ga.* 538 (7), 110 S. E. 303; *Jones* v. *Western & Atlantic R. Co.*, 23 *Ga. App.* 725 (5), 99 S. E. 388; *Southern Railway Co.* v. *Williams*, 19 *Ga. App.* 544, 91 S. E. 1001), or whether the request was too vague and indefinite in that it set forth no concrete principle of law (see *Miles* v. *State*, 182 *Ga.* 75 (4), 185 S. E. 286; *Knight* v. *State*, 148 *Ga.* 40, 95 S. E. 679; *Wright* v. *W. & A. R. Co.*, 139 *Ga.* 343 (3), 77 S. E. 161; *Smith* v. *State*, 125 *Ga.* 300, 54 S. E. 124; *Hudson* v. *State*, 26 *Ga. App.* 596 (4), 107 S. E. 94; compare *Burney* v. *State*, 142 *Ga.* 812, 83 S. E. 937, *Spence* v. *Morrow*, 128 *Ga.* 722, 58 S. E. 356), we are of the opinion that involuntary manslaughter in the commission of an unlawful act, defined in the Code section referred to, was not pertinent to the case. Where a request to charge contains propositions inapplicable to the case, even though some are applicable, it is not error to refuse the request in its entirety. *Thompson* v. *O'Connor*, 115 *Ga.* 120, 123 (41 S. E. 242); *Grant* v. *State*, 122 *Ga.* 740, 744 (50 S. E. 946); *Marlin* v. *Marlin*, 180 *Ga.* 782 (180 S. E. 851); *Battle* v. *State*, 103 *Ga.* 53 (29 S. E. 491). The evidence for the State shows either murder or voluntary manslaughter. The statement of the defendant shows self-defense. If the statement of the defendant can be said to authorize any charge on involuntary manslaughter, it would only

have authorized a charge on involuntary manslaughter in the commission of a lawful act without due caution and circumspection; that is manslaughter in the commission of the lawful act of the defendant in defending himself from the attacks of the deceased. The Code section referred to in the request to charge defines both types of involuntary manslaughter referred to in this opinion; and one of them being not pertinent to the case, the court did not err in refusing the request to charge. Nothing herein said shall be construed as holding that involuntary manslaughter in the commission of a lawful act without due caution and circumspection is involved under the evidence and the statement of the defendant. See *Jackson* v. *State*, 91 *Ga.* 271 (3) (18 S. E. 298, 44 Am. St. R. 22).

The evidence was sufficient to authorize the verdict; and under the above rulings the assignments of error in the special grounds of the motion for new trial are without merit. The court did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur.*