## PITTS *v.* THE STATE.

No. 14727. JANUARY 5, 1944. REHEARING DENIED FEBRUARY 12, 1944.

322

*R. R. Jones,* for plaintiff in error. *T. Grady Head, attorney-general, R. A. Patterson, solicitor-general, Hooper & Miller,* and *L. C. Groves, assistant attorney-general,* contra.

ATKINSON, Justice. (After stating the foregoing facts.) This case was assigned to the writer to present the opinion of the majority of the court. It does not, in some respects, represent the writer's opinion, as will appear in a dissent that follows.

While the evidence is wholly circumstantial, there is some evidence to authorize the verdict, and the trial judge having approved the same, there was no error in overruling the motion for new trial on the general grounds.

The first special ground is as follows: "Movant should have a new trial because the court erred in failing to charge the jury on the weight and consideration which should be given to the testimony relating to the conduct of track-dogs. Movant contends that the testimony as to the conduct of track-dogs constituted one of the chief and controlling issues in the case, and was the only testimony which could in any way connect movant with the scene of the crime. The failure of the court to charge the jury on this controlling issue in the case was prejudicial and harmful to the movant, in that the jury necessarily considered the conduct of the track-dogs in making their verdict, and necessarily believed that

the bloodhounds trailed defendant from the scene of the crime. Movant contends that there was no testimony that the track-dogs recognized or identified movant as the person they had tracked. Movant further contends that the testimony showed that the track-dogs were not certain and reliable, and the failure of the court to give the jury specific instructions as to what they must find to be true before they could consider such evidence was erroneous and resulted in movant being convicted without sufficient evidence to authorize such conviction."

The Code, § 6-901, provides that exceptions "shall specify plainly the decision complained of and the alleged error." The foregoing ground of the motion for new trial does not meet this requirement. A ground of a motion for new trial alleging that "the court erred in not charging the jury the law of voluntary manslaughter," has been held to be too vague and indefinite as an assignment of error to raise any question for determination by this court, as it does not specify wherein voluntary manslaughter was involved by reason of an assault, other equivolent circumstances, or by mutual combat. *Smith* v. *State,* 125 *Ga.* 300 (54 S. E. 124); *Wilson* v. *State,* 156 *Ga.* 42 (118 S. E. 427); *Parham* v. *State,* 180 *Ga.* 233 (2) (178 S. E. 648); *Bryant* v. *State,* 180 *Ga.* 238 (178 S. E. 651); *Jackson* v. *State,* 181 *Ga.* 753 (184 S. E. 279); *Harris* v. *State,* 184 *Ga.* 165, 168 (190 S. E. 554); *Norris* v. *State,* 184 *Ga.* 397 (191 S. E. 375). An assignment of error in the language of that part of the Code, § 26-1009, defining involuntary manslaughter has been held to be too indefinite to present any question for consideration, as it did not state distinctly whether the contention as to the involuntary manslaughter was based on an unlawful act or a lawful act. *Williams* v. *State,* 176 *Ga.* 372 (168 S. E. 5). Where the assignment of error stated that the court erred "in failing to charge or refer to or read in said charge to the jury section 26-1006 of the Code of 1933, defining manslaughter, and section 26-1007 of the Code of 1933, defining voluntary manslaughter, and Code section 26-1008, prescribing the punishment for voluntary manslaughter," it was held insufficient as an assignment of error, for the reason that § 26-1006, includes both voluntary and involuntary manslaughter, and § 26-1007 includes voluntary manslaughter where there is mutual combat and where there is no mutual combat, and therefore the assignment of error fails to

specify definitely wherein the court erred. *Cornelious* v. *State,* 193 *Ga.* 29 (2) (17 S. E. 2d, 156). Where it was alleged that the charge "omitted any instruction as to the legal nature of fraud," this assignment of error was held insufficient, because the reviewing court could not determine the particular principle which the plaintiff in error might have had in mind. *Spence* v. *Morrow,* 128 *Ga.* 722 (58 S. E. 356). An exception that the court failed to instruct the jury " 'relative to the right of defendant' to defend himself against one who was attempting to forcibly take his property from his person," was held to be too indefinite in *Watkins* v. *State,* 175 *Ga.* 473 (2) (165 S. E. 269). Also, an exception that a portion of the charge of the court restricted the jury to a determination of guilty or not guilty of the offense charged in the indictment, when the jury "could have found the defendant guilty of a minor offense embraced in the major offense alleged in the indictment," was held to be too indefinite as "to what minor offense the charge excluded." *Kennedy* v. *State,* 191 *Ga.* 22 (11 S. E. 2d, 179). For other cases where various assignments of error have been held to be insufficient see: *McElwaney* v. *MacDiarmid,* 131 *Ga.* 97 (6) (62 S. E. 20); *Miles* v. *State,* 182 *Ga.* 75 (4) (185 S. E. 286); *Dickson* v. *Dortch,* 183 *Ga.* 878 (2) (190 S. E. 26); *Frazier* v. *State,* 194 *Ga.* 657 (2) (22 S. E. 2d, 404).

■ The second ground of the motion alleges error in the following charge: "The court charges you that direct evidence is that which immediately points to the question at issue. Indirect or circumstantial evidence is that which only tends to establish the issue by proof of various facts sustaining by their consistency the hypothesis claimed. To warrant a conviction on circumstantial evidence, the proven facts must not only be consistent with the hypothesis of guilt, but must exclude every other reasonable hypothesis except that of the guilt of the accused." The error complained of is that all the evidence was circumstantial, and that for the court to charge on direct evidence was misleading and confusing to the jury, and was calculated to impress on the jury's mind that there was direct evidence against the movant. We can not agree with this contention. While the evidence connecting the movant with the commission of the crime was wholly circumstantial, still there were facts established by direct evidence, such as that the deceased was dead, and that the accused was identified as

being the person on trial. See *Owens* v. *State,* 139 *Ga.* 92 (76 S. E. 860); *Wilburn* v. *State,* 141 *Ga.* 510 (81 S. E. 444); *Martin* v. *State,* 193 *Ga.* 824 (20 S. E. 2d, 266); *Moss* v. *State,* 43 *Ga. App.* 109 (2) (158 S. E. 461); *Faulkner* v. *State,* 43 *Ga. App.* 763 (4) (160 S. E. 117).

■ The third ground alleges error in the following charge: "The court charges you further, gentlemen, that circumstantial evidence means a chain of circumstances that link together, and I charge you that a chain of circumstantial evidence is just as strong as its weakest link. Under the law circumstantial evidence authorizes a conviction just as much so as direct evidence. Circumstances are certain things that occur in the commission of a crime, and direct evidence is that which immediately points at the question in issue." The gist of the complaint here is that the expression, "under the law circumstantial evidence authorizes a conviction just as much so as direct evidence," was calculated to impress upon the jurors' minds that circumstantial evidence would authorize a conviction in the same manner as direct evidence. Taking the charge as a whole, the jury could not have been so misled. "No greater degree of mental conviction on the part of the jury is required to convict on circumstantial evidence than on direct testimony." *Cargile* v. *State,* 136 *Ga.* 55 (3) (70 S. E. 873).

The fourth ground is covered by the general grounds.

*Judgment affirmed. All the Justices concur, except Atkinson and Wyatt, JJ., who dissent from the first and second divisions of the opinion, and Jenkins, P. J., absent on account of illness.*

ATKINSON, Justice, dissenting. While the foregoing represents the majority opinion, I cannot concur therein for two reasons: (a) I do not think that the evidence is sufficient to authorize the verdict; and (b) I think that the first special ground of the motion for new trial, as set out in the second division of the opinion, was a sufficient assignment of error.

(a) The only evidence that tends to place the accused at the scene of the crime at the time of its commission is the testimony in reference to tracks leading therefrom to the sawmill, and the evidence of the conduct of the bloodhounds. Unless this evidence is legally sufficient to establish the fact that the accused was the one who made those tracks, the case against him would not be sufficient to legally establish his guilt. There being no particular characteris-

tic about the shoe tracks that would differentiate them from any other tracks of another shoe of the same size, such evidence would not of itself meet the requirements of the law in reference to the rules governing convictions based upon circumstantial evidence. *Cummings* v. *State,* 110 *Ga.* 293 (7) (35 S. E. 117); *Patton* v. *State,* 117 *Ga.* 230 (43 S. E. 533); *Williams* v. *State,* 123 *Ga.* 278 (51 S. E. 344).

As to the conduct of the track-dogs in trailing from the scene of the crime to the sawmill-boiler room, I can not attach much, if any, probative value to the evidence. The evidence for the State disclosed that, previous to the dogs trailing into the boiler room, at least two persons other than the accused had been in there that morning, and that many others had been on the saw-mill premises. Evidence of the conduct of track-dogs is not looked upon by the courts as having much probative value. While this court has never passed upon this subject, the Court of Appeals in *Aiken* v. *State,* 16 *Ga. App.* 848 (86 S. E. 1076), in determining the weight to be given such evidence, stated, "that the proof of trailing is not proof of guilt, but only a circumstance tending to show whether the defendant had been at the scene of the crime,—a circumstance of no value except as corroborative of evidence of guilt." Also, that "evidence as to the acts of the bloodhounds is to be received merely as cumulative or corroborative evidence against the person to whom other circumstances in proof point as being guilty." A compilation of other cases discussing the weight to be given evidence of the conduct of track-dogs will be found in the annotations in 42 L. R. A. 432; 35 L. R. A. (N. S.) 870; L. R. A. 1917E, 730; 3 Ann. Cas. 897; 10 Ann. Cas. 1127; Ann. Cas. 1915A, 1193; and 94 A. L. R. 413. Inasmuch as the only evidence connecting the accused with the commission of the crime is that of tracks and the conduct of track-dogs, and in view of the law as to the weight of such evidence, I do not think the evidence sufficient to authorize the verdict. Other than this evidence, there is nothing to connect the accused with the commission of the crime. Other circumstances proved at the trial showed nothing more than suspicious conduct.

(b) In my opinion the exception set forth in the second division of the majority opinion was sufficient to present the question there made for determination. The cases cited, based on the failure of

the court to charge, are all instances where the exceptions were too general and did not specifically designate the complaint, or were susceptible to the interpretation that the exceptions could apply to one thing as well as another. No such construction can be applied to the exception in the instant case. In *Aiken* v. *State,* supra, wherein the admission of track-dog evidence was approved, as a safeguard in the admission of such testimony the court imposed as a condition for its use, "that the attention of the jury will be called to the fact that the proof of trailing is not proof of guilt, but only a circumstance tending to show whether the defendant had been at the scene of the crime,—a circumstance of no value except as corroborative of evidence of guilt." This is the law, and the only law, in this State as to the weight to be given to evidence of the conduct of track-dogs. The exception points out that the court erred "in failing to charge the jury on the weight and consideration which should be given to the testimony relating to the conduct of track-dogs," and alleges "that the testimony as to the conduct of track-dogs constituted one of the chief and controlling issues in the case, and was the only testimony which could in any way connect movant with the scene of the crime." In *Hudson* v. *State,* 26 *Ga. App.* 596 (4), where the exception was, "because the court wholly failed to charge the jury the law of involuntary manslaughter in the commission or performance of a lawful act, where there has not been observed necessary discretion and caution, or with due caution and circumspection," the exception was held defective because there was no allegation "that the evidence was such as to require a charge on involuntary manslaughter." Also, in *Burney* v. *State,* 142 *Ga.* 812 (83 S. E. 937), where the only assignment of error was that "the court erred in not charging the law of voluntary manslaughter," this was held to be a sufficient assignment because "it called attention to parts of the evidence touching previous difficulties and transactions as showing the basis for such a charge." I think that the instant case meets the requirements of the law. All that the Code, § 6-901, requires is that the "bill of exceptions shall specify plainly the decision complained of and the alleged error." It is a rule for a substantial purpose, not a mere technical pitfall to catch the unwary. It is a good assignment of error where it is sufficiently plain for the trial judge, whose judgment is sought to be reversed, to

understand the errors complained of, so that he can make such facts appear, or require such evidence and records to be brought to this court as may be necessary for a proper consideration of the alleged error; and where it is specific enough to inform the adverse party what he must meet in this court; and where it presents a clear-cut question for this court to decide, and not an indefinite complaint to wander through in search of questions to determine and errors to reverse. I am authorized to say that Mr. Justice Wyatt concurs in this dissent.