### Elliott v. Robinson *et al.*

Bell, Chief Justice. 1. This is the second appearance of the instant ejectment case. In the former decision, it was held that the undisputed evidence showed that the plaintiff had acquired prescriptive title by adverse possession under color of title for more than seven years before the alleged ouster; that evidence tending to show that the defendant had acquired title "to other land, three blocks away on Mathis Street," did not militate against the title of the plaintiff to the land described in her petition, and that in the circumstances the verdict for the defendant was unsupported by evidence, and the judge erred in overruling the general grounds of the plaintiff's motion for a new trial. *Elliott* v. *Robinson*, 192 *Ga.* 682 (3) (16 S. E. 2d, 433). On the next trial, the jury again found for the defendant. The plaintiff's motion for a new trial was overruled, and she again brought the case to this court. Upon the former trial, a witness testified that the land claimed by the defendant was not the land described in the plaintiff's suit, being land on a different street·three blocks away. No such evidence appears in the present record, and from the evidence as a whole, including some testimony as to change in name of a street, the jury on the second trial were authorized to find that the tract claimed by the defendant was the same as the tract for which the plaintiff sued. Accordingly, the statement in the former decision as to "other land three blocks away" has no application under the present record.

(a) Nevertheless, the undisputed evidence again demanded a finding for the plaintiff on the basis of prescriptive title, unless the defendant established her own claim of prescriptive title, subsequently acquired.

2. In order to establish prescriptive title by possession for seven years under color of title, it is necessary to show, among other things, that the claimant was in actual possession of at least a part of the land, and that such possession was continuous for the period of seven years. Code, §§ 85-402, 85-403, 85-405, 85-407.

3. As to the character of her possession, the testimony of the defendant tended to show only that soon after she purchased the land in 1932, it being vacant at the time, she "put up posts to fence and bought the wire," but never did put up the wire because she could not get a stretcher, and that, within less than seven years before the suit was filed, she built a house on the land. A brother of the defendant tes-

tified, "My sister went into possession approximately one or two weeks after she purchased the land and had been in possession of it ever since." Held, that the evidence of the brother, being in the nature of a conclusion, should be construed in connection with the testimony of the defendant herself, and that both together did not show such actual possession for seven years as would be necessary to establish the prescriptive title claimed. Nor was the entire evidence in the case sufficient for that purpose. Gibbs v. State, 190 Ga. 207 (4) (9 S. E. 2d, 248); Shepard v. Chappell, 29 Ga. App. 6 (2) (113 S. E. 23). See also, in this connection, Royall v. Lisle, 15 Ga. 545 (4) (60 Am. D. 712); Durham v. Holeman, 30 Ga. 619; Bussey v. Jackson, 104 Ga. 151 (30 S. E. 646); McCook v. Crawford, 114 Ga. 337 (40 S. E. 225); Yundt v. Davison, 186 Ga. 179 (2) (197 S. E. 248); Fitzpatrick v. Massee-Felton Lumber Co., 188 Ga. 80 (7) (3 S. E. 2d, 91).

4. In ground 12, the movant complained of the following charge: "A finding in favor of the defendant would mean that both the plaintiff and defendant have failed to recover—that is, that would mean that the plaintiff had failed to recover the land and mesne profits, and that the defendant had failed to recover for improvements." Held, that this charge was erroneous as tending to invite a compromise verdict, or one to the effect that neither party had title, whereas both parties asserted title by prescription under color of title; and, under the pleadings and the evidence, the jury could not properly have returned a verdict for either party without finding that such party had proved her claim of prescriptive title. Bussey v. Jackson, supra.

5. A complete, accurate, and pertinent instruction is not within itself erroneous because it fails to embrace an instruction which would be appropriate in connection therewith. Peeples v. Rudulph, 153 Ga. 17 (2) (111 S. E. 548); Jones v. State, 197 Ga. 604 (5) (30 S. E. 2d, 192). Nor is an assignment of error upon an omission to charge sufficient to raise any question of error for determination, where it does not state in substance any definite principle of law which it is contended the court should have given in charge to the jury. Smith v. State, 125 Ga. 300 (54 S. E. 124); Dickson v. Dortch, 183 Ga. 878 (2) (190 S. E. 26); Jones v. State, supra. Under these rules as applied to the instant motion for a new trial, even though it is contended in the brief for the plaintiff in error that the court erred in failing to charge the jury as to what are the essential elements of prescriptive title under color, there was no assignment of error sufficient to raise that question. But see, in this connection, Williford v. Swint, 183 Ga. 375 (188 S. E. 685); Brown v. Caraker, 147 Ga. 498 (5) (94 S. E. 759); Ashford v. Holliday, 169 Ga. 237 (7) (149 S. E. 790).

6. In ground 5, the movant contended that the judge erred in excluding certain letters and other documentary evidence by which she sought to establish the good faith of her immediate grantor. While the evidence was apparently relevant for the purpose, there was no evidence to dispute the bona fides of her claim or that of her predecessor, and, since the judgment must be reversed for other reasons, no ruling is necessary as to whether the exclusion of the proffered evidence would constitute reversible error. Teel v. Griffin, 142 Ga. 245 (2) (82 S. E. 662).

7. In so far as the remaining grounds of the motion for new trial are complete and sufficient in form to raise any question for determination, they show no error.

8. For the reasons indicated in notes 3 and 4, supra, it was error to overrule the motion for a new trial.

*Judgment reversed. All the Justices concur, except Wyatt, J., absent because of illness.*

No. 14966.   FEBRUARY 7, 1945.

*R. A. Hendricks* and *H. L. Jackson,* for plaintiffs.
*Hamilton Burch,* for defendants.