## Haire *v.* The State.

Almand, Justice. Colon Lamar Haire, upon an indictment charging that he did "wrongfully, fraudulently, and violently, by force and intimidation" take from the person of E. W. Hackney with intent to steal the sum of $180, the property of Markey Supply Company, was found guilty by the jury of robbery by force and violence, and his punishment fixed at 4 years in the penitentiary. His motion for a new trial upon the general grounds and 7 special grounds was overruled, and the case is here on exceptions to that order. *Held*:

1. It was not error to admit in evidence a hammer, as complained of in the first special ground of the motion for a new trial, over the objection that it had not been identified as being used by the defendant or as having any connection with the case on trial. There was evidence that the hammer was taken from the automobile of the defendant; that a dark spot on the hammer was blood; that the person alleged to have been robbed was hit by an object, making a hole in his head; and there was testimony by a physician that the head injury could have been caused by a blow from a hammer.
2. Where the defendant introduces witnesses who testify as to his good character, the State has the right to a thorough and sifting examination of the witnesses to determine the knowledge and information upon

which their opinion as to good character is based. The hypothetical questions here propounded by counsel for the State were based upon facts previously testified to in this case. Special grounds 2, 3, and 4, which complain of the questions propounded and answers given by witnesses for the defendant, do not show reversible error.

3. Where, after the jury had retired, and while considering the case, at their request they were brought into the courtroom, and in reply to a question from the court as to whether they were troubled by a question of law or of fact a juror replied, "Insufficient evidence," the following statement by the court to the jury—"Gentlemen, some jury has to pass on this case. I wonder if you should deliberate longer if you could get together? Retire to the jury room and see if you can get together on it. The evidence is a question of fact, and the court can't help you on that"—was not erroneous as (a) expressing an opinion, (b) forcing the jury to return a verdict, (c) prejudicial, or (d) misleading and confusing to the jury, as complained of in special ground 5.

4. An assignment of error in a motion for a new trial, that "the court erred in failing to charge the jury on the law of self-defense," is too general, vague, and indefinite to be considered. *Smith* v. *State,* 125 *Ga.* 300 (1) (54 S. E. 124); *Watkins* v. *State,* 175 *Ga.* 473 (2) (165 S. E. 269); *Harris* v. *State,* 178 *Ga.* 746 (3) (174 S. E. 240). For this reason special ground 6 is without merit.

5. Where one is indicted for robbery "by force and intimidation," and on the trial it appears from the evidence that, if a robbery was committed, it was by force or violence and not by intimidation, it is not error for the court to fail to charge the law relating to robbery by intimidation and the punishment for one found guilty of robbery by intimidation. *Bradham* v. *State,* 51 *Ga. App.* 436 (180 S. E. 748); *Long* v. *State,* 12 *Ga.* 293. Special ground 7 is without merit.

6. The verdict is supported by the evidence.

7. It was not error to overrule the motion for a new trial.

*Judgment affirmed. All the Justices concur.*

No. 17968. Argued September 8, 1952—Decided October 16, 1952.

*S. Thomas Memory* and *Homer L. Causey,* for plaintiff in error.

*J. R. Walker, Solicitor-General, Kopp & Peavy, Eugene Cook, Attorney-General,* and *J. R. Parham, Assistant Attorney-General,* contra.