### 19543. MONTOS *v.* THE STATE.

ARGUED NOVEMBER 14, 1956—DECIDED DECEMBER 5, 1956.

J. B. McGee, Jr., Clarence D. Blount, J. Walter LeCraw, for plaintiff in error.

Leon A. Wilson, Andrew J. Tuten, Solicitor-General, Eugene Cook, Attorney-General, Rubye G. Jackson, T. J. Townsend, contra.

MOBLEY, Justice. The defendant, Nick Montos, along with Dan Cullifer and Robert Mathus, was indicted for robbery by force and intimidation. Montos was convicted of the offense as charged without a recommendation to mercy. His motion for new trial as amended was denied, and to this judgment he excepts.

1. As to the general grounds, the defendant in error contends that the evidence was not sufficient to sustain his conviction of robbery by force, but only made out a case of robbery by intimidation. The evidence of the victim that the defendant grabbed her, hauled her around, tried to hold her, tore her dress off her, and, after all of that finally ripped off her brassiere, pulled the billfold from a pigskin bag pinned with a safety pin therein, she at all times resisting and trying to get away, amply establishes the element of force required by the statute. *Baugh* v. *State*, 211 *Ga.* 863 (3) (89 S. E. 2d 504); *Osborne* v. *State*, 200 *Ga.* 763 (38 S. E. 2d 558); *Long* v. *State*, 12 *Ga.* 293 (9); *Smith* v. *State*, 117 *Ga.* 320 (43 S. E. 736, 97 Am. St. R. 165). *Henderson* v. *State*, 209 *Ga.* 72 (70 S. E. 2d 713), relied upon by the plaintiff in error, is distinguishable upon its facts, as there the force was applied

after the robbery, whereas here it was applied prior to and while the money was being taken from the victim. The general grounds are without merit.

2. As the case is being reversed upon other grounds, it becomes unnecessary to pass upon the exception to the refusal to grant a continuance.

3. Ground 5 complains of the failure of the court upon request to sequester two of the State's witnesses, T. M. Price and John Wolfe. The solicitor-general contended that these witnesses were officers, and, being officers, should be permitted to remain in the courtroom. He made no contention that he needed their assistance in the conduct of the case, nor was any reason given other than that they were officers. The witnesses were employees of the Georgia Bureau of Investigation. There is nothing in the record to support the contention of the solicitor-general that these officers were needed in the courtroom to guard against an escape by the defendant, who he claims was an "escape artist." Under Code § 38-1703, which provides that "In all cases either party shall have the right to have the witnesses of the other party examined out of the hearing of each other, . . ." the sequestration of witnesses is mandatory upon a timely request by any party to the cause, and in this case the refusal of the trial court to grant such request by counsel for the defendants deprived the defendant of a substantial and positive right. "Whatever may have been the rule at common law, and despite interpretations placed thereon in any early decision of this court, the rule as fixed by the Code of 1863 (§ 3787) and continued in all subsequent Codes, as to the sequestration of witnesses [now Code § 38-1703], conferred upon the party making such request an absolute right, subject only to the sound discretion of the trial judge in permitting one or more witnesses to remain in the courtroom to advise the opposite party in the presentation of his case, and where it appears that in making the exception to the rule the fair rights of the opposite party are secured or the impairment of the efficiency of the court avoided by allowing a deputy or other officials, who are witnesses, to remain in the courtroom. The mandate of the law is that *in all cases* either party shall have the right to have the witnesses of the other party examined out of the hearing of each other . . ." *Poul-*

*tryland, Inc.* v. *Anderson,* 200 *Ga.* 549, 562 (37 S. E. 2d 785). The record in this case does not bring it within any of the exceptions to the rule. We can not agree with the State that the record does not show any harm to have resulted to the defendant because of this error. Whenever a party is deprived of his rights, the presumption of the law is that he has been injured unless the contrary plainly appears. *Poultryland, Inc.* v. *Anderson,* supra, and cases there cited. Furthermore, the death penalty was imposed in this case, and it cannot be said that the jury's verdict was demanded and that this error might have been harmless. *Barfield* v. *State,* 179 *Ga.* 293 (1) (175 S. E. 582).

4. Ground 6 assigns error upon the admission of testimony of Dr. W. W. Sharp, over objection of the defendant, to the effect that Fender Carter's mind is not as good now as it was before his injury in August, 1951, when he was struck over the head by Mathus during the commission of the robbery, and that in his opinion as a doctor the impairment of Carter's mind grew out of the injury he received on that occasion. Ground 7 complains of the admission of similar testimony from Mrs. Sanella Bland, to the effect that her brother's mind was good prior to the robbery when he got hit on the head, and since then his mind has been impaired. The objection to this testimony was that it was not relevant, tended to inflame the minds of the jury, and illustrated no issue in the case. We are of the opinion that this evidence as to Fender Carter's having been struck over the head by one of the defendants during the robbery was admissible as a part of the res gestae and was illustrative of the force used in the commission of the robbery; and evidence of his mental condition at the time of the trial, at which he was present but was not used as a witness, was admissible to explain the failure of the State to use him as a witness. This ground is without merit.

5. Grounds 8 through 34 complain of the admission in evidence, over timely objection, of certain articles and testimony relating thereto, which articles were found in the automobile identified as the one used by the defendant and his two companions in the perpetration of the robbery and their escape from the scene. The articles were a crowbar, an ice pick, two flash lights, a deputy sheriff's badge, shotgun shells, cartridges, automobile tags and tag fasteners. The jury were authorized to

find that the automobile had been used by the defendant Mathus and Cullifer in getting to the scene of the robbery and away from it afterwards; that Cullifer, in driving the car from the scene, wrecked it and was found in it, while the other two had jumped out and escaped. None of these articles was used in the commission of the robbery. The defendant offered no evidence, but made a statement in which he denied that he was involved in the robbery. The only issue raised was whether the State had the guilty party. The articles found in the car, none of which was shown to have been used in the robbery, were not relevant upon this issue, as they would in no way show that Montos was one of those who committed the robbery. These articles, as well as the evidence relating to them, should have been excluded by the trial judge.

6. Grounds 35 and 36 complain that the witnesses Wolfe and Price were permitted to testify that the victim readily identified the defendant when his picture was presented to her, the objection being that this testimony was hearsay. Neither of these witnesses testified as to any statement made by Mrs. Bland in connection with her identification of the defendant from pictures shown to her, but both testified to the fact that she identified the defendant's picture from a number of photographs exhibited to her. Testimony as to the mere fact that she identified the defendant's picture is not inadmissible as hearsay. 22 C. J. S. 1236, § 725.

7. Grounds 37 through 40 complain of the refusal of the court to declare a mistrial in four different instances of alleged improper argument of the solicitor-general before the jury, the defendant's counsel having objected in each instance and moved for a mistrial. The trial court did not admonish or reprimand the solicitor-general and did not order the argument withdrawn from the jury's consideration, but merely denied the motions when made. The statements objected to were as follows: 1. "This crime was perpetrated by two of the most notorious criminals in the United States." 2. "The defendant is a man of a criminal mind." 3. The defendant is "a member of a big-town gang." 4. The defendant "was hiding in Alma for the purpose of covering up some other crime at some other place." There was no evidence that the defendant and Mathus were "two of the

most notorious criminals in the United States," nor any evidence which would authorize such a deduction or conclusion. Likewise, there was no evidence that the defendant was "a member of a big-town gang," and none from which such a deduction could be drawn. There was no evidence that the defendant "was hiding in Alma for the purpose of covering up some other crime at some other place," and if evidence to support such argument had been offered, it would have been inadmissible, for the general character of the defendant and his conduct in other transactions would be irrelevant unless he had put his character in issue, which he had not done in this case. Code §§ 38-201, 38-202; *Henderson* v. *State*, supra; *Bacon* v. *State*, 209 *Ga.* 261, 262 (71 S. E. 2d 615). It was clearly improper for the solicitor-general to make these arguments to the jury, as it is well settled that counsel may not argue facts which are not in evidence. He is permitted to draw deductions from the evidence and his deductions may be illogical, unreasonable or even absurd. *Owens* v. *State*, 120 *Ga.* 209 (47 S. E. 545). Yet, there must be evidence from which such deductions can be made, which was lacking in this case. Code § 81-1009. "Where . . . a solicitor-general in his address to the jury uses highly improper language not authorized by the evidence or any fair deduction therefrom, and the counsel for the accused objects thereto and moves the court to declare a mistrial, which the court refuses, and exception is taken to the ruling, this court will reverse the judgment and grant a new trial in the interest of justice and of fair and impartial trials." *Ivey* v. *State*, 113 *Ga.* 1062 (39 S. E. 423, 54 L. R. A. 959). This being a case in which the death penalty was imposed, and the statements of the solicitor-general being highly inflammatory and prejudicial and wholly unauthorized, we are of the opinion that the trial court erred in not granting the defendant's motion for a mistrial. There is no merit in the motion based on the statements of the solicitor-general that the defendant is a man of a criminal mind. The evidence as to his participation in this robbery was sufficient to authorize a deduction that he was of a criminal mind and the solicitor-general was authorized to argue this.

8. There is no merit in ground 41, which complains of the failure of the court to charge on robbery by intimidation. The State's evidence, heretofore discussed on the general grounds,

showed clearly that this was a case of robbery by open force and violence. "Where one is indicted for robbery 'by force and intimidation,' and on the trial it appears from the evidence that, if a robbery was committed, it was by force or violence and not by intimidation, it is not error for the court to fail to charge the law relating to robbery by intimidation and the punishment for one found guilty of robbery by intimidation. *Bradham* v. *State*, 51 *Ga. App.* 436 (180 S. E. 748); *Long* v. *State*, 12 *Ga.* 293." *Haire* v. *State*, 209 *Ga.* 378(5) (72 S. E. 2d 707).

*Judgment reversed. All the Justices concur.*