### 25511. PERDUE v. THE STATE.

SUBMITTED NOVEMBER 10, 1969—DECIDED DECEMBER 4, 1969.

*Abner B. Dismukes,* for appellant.

*W. J. Forehand, District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, William R. Childers, Jr., Assistant Attorneys General,* for appellee.

GRICE, Justice. This appeal arises from the verdict finding William P. Perdue, also known as Willie Pride, guilty of robbery by force. He was indicted by the grand jury of Worth County, and was tried in the superior court of that county. The jury recommended him to the mercy of the court, and fixed his sentence at twenty years confinement. His enumerations of error complain of the refusal to excuse certain jurors, insufficiency of the evidence for conviction, rulings as to admission and rejection of evidence, allowing a witness to testify over a stated objection, failure to instruct the jury as to certain matters, and refusal to accept the original verdict of the jury.

■ One of the enumerations urges that the trial court erred in denying the appellant's motion to excuse jurors on the basis of their prior knowledge of the crime by having read newspaper accounts of it.

For support of this enumeration, appellant relies upon the qualification of only one prospective juror and that did not involve his having read newspaper accounts.

Rather, appellant's contention, as shown by his brief and its reference to the transcript, is that the prospective juror's answer to a question was a statement of his prior mental conviction as to the guilt of the appellant. In this connection the record shows that the propective juror stated that he did not know when the victim was robbed; that in answer to whether he had ever heard that the victim was robbed, he replied, "I heard when he robbed him"; that the next time he saw the victim after having heard of the robbery it did not occur to him to ask anything about what happened; that he heard on the streets that the victim had been robbed, but that he had not discussed it on the streets with other people.

The objection made was that this prospective juror had discussed the case with other people outside the presence of the appellant, and that he should be stricken for cause.

What thus transpired did not amount to a statement of prior mental conviction as to the guilt of the appellant and did not require that the prospective juror be excused.

■ In three enumerations complaint is made that the verdict is contrary to the evidence and without evidence to support it, is decidedly and strongly against the weight of the evidence, and is contrary to the law and principles of justice and equity.

A study of the evidence convinces us that this complaint is not meritorious.

The testimony of the victim, 68-year-old William Henry Hurst, insofar as necessary to recite here, was the following.

In midmorning on the date in question he, with a passenger in his automobile, was driving along a highway in Worth County. He picked up the appellant, a young Negro man, who was hitch-hiking. When the passenger got out of the car at his destination, the appellant immediately moved from the back

seat into the front seat. He then brandished a 12-inch long knife, put its blade to the victim's throat, threatened to cut his head off if he did not carry him farther, and slit the victim under his chin. Holding the knife to the victim's throat, he made him continue along the highway about two miles before ordering him to turn off onto a small road leading into a wooded area. The appellant forced the victim to proceed some distance along this road and then to stop the car.

There the appellant demanded that the victim hand over his money. The victim refused. Whereupon the appellant hit the victim across the nose with the back of the knife, reached into the victim's rear pocket, removed his billfold, took $76 therefrom, and put it in his own pocket. The appellant then beat the victim into unconsciousness.

When the victim regained consciousness he was locked in the trunk of his automobile. His money, watch and Masonic ring were gone.

About three hours later, while in a dazed and asphyxiated condition, he managed to maneuver so as to thrust his hand through the back seat deck area, wave a dirty red rag, and get the attention of a person who happened to be in the vicinity. That person summoned others to aid in extricating the victim from the trunk of his car. He was taken to a local hospital and later to one in another city. His condition was found to be critical, and approximately six weeks of hospitalization were required for his recovery.

While in the hospital he identified some pictures of the appellant. Several months later, he went to Syracuse, New York, and identified him in person. Upon the trial he positively identified him as the robber.

The person who found the victim gave testimony as to locating him locked in the trunk of his car, as to his condition and as to physical facts indicating a scuffle in the immediate area. Other persons who aided in his release gave similar testimony.

The appellant made an unsworn statement in which he admitted being in the victim's car with him on this occasion, but denied robbing him. He stated that the victim gave him the money and articles of personalty.

In view of the foregoing, we regard the verdict as being amply supported by the evidence.

■ Another enumeration urges that it was error to allow the jury to determine whether or not a foundation had been laid to enable the victim to testify that the money alleged to have been stolen was "lawful United States currency." Appellant argues that the court should have ruled on this question since it involved qualification of the witness to testify on this subject. However, we regard this as inconsequential. The indictment alleged that the property taken from the victim included not only $76 in "lawful United States currency," but also a watch of the value of $50 and a ring worth $35, and the evidence supported the allegations as to the watch and ring. Therefore, there was sufficient evidence to support the verdict without regard to whether the money was "lawful United States currency." Compare *Lowe v. State,* 57 Ga. 171. This enumeration is not meritorious.

■ The appellant urges that the trial court erred in allowing the victim to be recalled for further testimony for the State after having remained in the courtroom while other testimony was given and after sequestration of the witnesses had previously been invoked. The record shows that the victim was out of the courtroom until he first testified, was out during the testimony of one witness thereafter, and then was recalled and after testifying the second time remained in the courtroom under the district attorney's statement that he needed him to aid in the trial of the case. Under these circumstances it was discretionary with the trial judge to permit the witness to remain and to testify. *Spurlin v. State,* 222 Ga. 179 (149 SE2d 315). No error was committed in this respect.

■ Another enumeration asserts that the trial court erred in allowing testimony of two witnesses as to identity of the defendant. These witnesses testified that photographs were submitted to the passenger in the victim's automobile and also to the victim himself and that each pointed out those of the defendant. It is contended that "this type of quasi-identification" is subject to the hearsay rule and should not be permitted consideration by the jury.

The admission of this testimony, even if hearsay, is not cause for reversal.

What occurred, according to this testimony, was merely a step in the investigation of the crime. Upon the trial, there was testimony, independent of that as to identification of the appellant by these pictures, which positively identified the appellant as the person who committed the crime.

■ The appellant complains of the trial court's refusal to admit into evidence a prior indictment of him for the same crime. That indictment recited the amount of money taken to be $40, instead of $76 as alleged in the present indictment. The appellant urges that the prior document was admissible to impeach the victim's sworn testimony at the trial, and thus to discredit him.

This contention cannot be sustained. The prior indictment was the product of the grand jury, not of the victim. If the appellant believed that the victim had made conflicting statements as to the amount taken, he should have subpoenaed the persons to whom such statements were made.

■ The enumeration which insists that the trial court should have charged on the quantum of proof necessary to establish guilt beyond a reasonable doubt is not meritorious. In this connection the judge charged that "The defendant entered upon his trial, as do all persons charged with crime in Georgia, with the presumption of innocence in his favor, and this presumption remains with him throughout the trial, unless and until it is overcome by evidence sufficiently strong to satisfy you of his guilt to a reasonable and moral certainty and beyond a reasonable doubt. Unless you find such evidence in this case you should acquit the defendant."

■ In one enumeration the appellant contends that the trial court erred in not instructing the jury that it was within their power to convict him of robbery by use of an offensive weapon; and in another enumeration he urges that the trial court erred in not instructing the jury that in the event of conviction for robbery by use of an offensive weapon it would be authorized to recommend misdemeanor punishment. The two enumerations will be treated together.

At the time of the events in question our statute provided that robbery could be committed either by force, use of an offensive weapon, intimidation, or sudden snatching. *Code Ann.* § 26-2501.

The indictment here recited that the robbery was by force and by use of an offensive weapon.

However, the evidence showed that the actual robbery was committed, not by use of an offensive weapon, but by force.

The only witness to the robbery was the victim. His testimony was that while on the highway the appellant placed a knife to his throat, cut him under his chin, threatened him, and compelled him to drive for about two miles to a wooded area where they stopped. There, the appellant threatened to cut off the victim's head if he did not hand over his money. The victim refused. The actual robbery occurred thereafter, when the appellant changed his tactics and beat the victim with the back of his knife and with his fists, thus applying force to take the articles from him.

In *Haire v. State*, 209 Ga. 378 (5) (72 SE2d 707), this court held that "Where one is indicted for robbery 'by force and intimidation,' and on the trial it appears from the evidence that, if a robbery was committed, it was by force or violence and not by intimidation, it is not error for the court to fail to charge the law relating to robbery by intimidation and the punishment for one found guilty of robbery by intimidation."

We, therefore, find no error with respect to these two enumerations.

■ The final enumeration to be considered complains of the trial judge's failure to accept the original verdict of the jury.

That verdict, in material part, recited "We, the jury, find the defendant guilty, as charged. To recommend mercy court, also recommend defendant be sentenced to twenty years."

That verdict was not in accordance with the law. The punishment for robbery by force is "death, unless the jury recommends mercy, in which event punishment shall be imprisonment for life: Provided, however, the jury in all cases may fix the punishment by imprisonment and labor in the penitentiary for not less than four years nor more than 20

years." *Code Ann.* § 26-2502. Here, the original verdict merely *recommended* a 20-year sentence, *instead of fixing* the punishment.

In this situation the trial judge properly refused to accept this verdict and properly recharged the jury as to the lawful verdicts it could return.

No error was committed in this regard.

■ Th｜e enumerations complaining that the trial ￼court erred in overruling the defendant's motion for directed verdict of acquittal and in failing to define the term "reasonable doubt" in its charge have been expressly waived, and therefore will not be dealt with.

*Judgment affirmed. All the Justices concur.*